[Civil No. 2459.    Filed June 17, 1926.]

[246 Pac. 1038.]

CHARTER GAS ENGINE COMPANY, a Corporation, Appellant, v. J. L. ENTREKIN and MAGGIE B. ENTREKIN, His Wife, and F. W. McNAMARA and HELEN C. McNAMARA, His Wife, Appellees. ·

1. MORTGAGES.—Mortgage in form of absolute deed is merely security for payment of debt, without which there is no mortgage.

2. MORTGAGES.—Instrument must be construed as whole to determine whether it is a mortgage or absolute sale, with option to repurchase.

3. MORTGAGES.—On question whether absolute deed is mortgage, agreement making it optional with one party to pay certain sum does not create indebtedness.

4. MORTGAGES — CONTRACT MERELY RECITING AMOUNT OF MORTGAGE INDEBTEDNESS, ON PAYMENT OF WHICH LAND WAS TO BE RECONVEYED TO DEBTOR BY CREDITOR, HELD NOT A MORTGAGE, BUT CONDITIONAL SALE, WITH OPTION TO REPURCHASE.—Agreement merely reciting amount of original mortgage indebtedness, on payment of which land was to be reconveyed to debtor by creditor, to

---

1.  Deeds absolute in form with agreements to reconvey as mortgages, see note in 17 **Am. Dec.** 300.

2.  See 17 **Cal. Jur.** 745; 19 **R. C. L.** 261.

3.  See 17 **Cal. Jur.** 720.

4.  See 17 **Cal. Jur.** 774.

whom conveyed by warranty deed, which was to become absolute, if debt were not paid, *held* not a mortgage, but a conditional sale, with option to repurchase.

See (1) 27 **Cyc.**, p. 962, n. 10, p. 991, n. 73, p. 1008, n. 61. (2–4) 27 **Cyc.**, p. 1010, n. 67, 70, p. 1134, n. 57.

Parol evidence that a written instrument which on its face imports a complete transfer of a legal or equitable estate or interest in property was intended to operate as a mortgage or pledge, see comprehensive note in **L. R. A.** 1916B 18.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Richard Lamson, Judge. Affirmed.

Mr. D. V. Mulhern, for Appellant.

Messrs. Silverthorn & Van Spanckeren, for Appellees.

LOCKWOOD, J.—Charter Gas Engine Company, a corporation, hereinafter called plaintiff, brought suit against J. L. Entrekin and Maggie Entrekin, his wife, and F. W. McNamara and Helen C. McNamara, his wife, hereinafter called defendants, upon three promissory notes, and to foreclose an alleged mortgage which plaintiff claimed was given as security for the payment of such notes.

The undisputed facts are as follows: On November 12, 1919, defendants J. L. Entrekin and F. W. McNamara executed and delivered to plaintiff three promissory notes amounting to $11,000, secured by a certain realty mortgage on the southwest quarter of section 15, township 2 south, range 6 east, Gila and Salt River base and meridian, and a chattel mortgage on certain machinery located on another piece of land. On March 11th, 1922, no part of the principal or interest of said notes had been paid, and defendants entered into an agreement with plaintiff, through its attorney in fact, H. H. Horton which, so far as material to the determination of this case, reads as follows:

"Whereas, the said J. L. Entrekin and F. W. Mc-Namara were, on the 12th day of November, 1919, justly and truly indebted to the Charter Gas Engine Company of Sterling, Illinois, in the sum of eleven thousand dollars ($11,000.00) evidenced by three certain promissory notes bearing interest at the rate of eight per cent. per annum until paid; . . .

"Whereas, it is the desire of the said J. L. Entrekin and Maggie B. Entrekin, husband and wife, and F. W. McNamara and Helen C. McNamara, husband and wife, and the Charter Gas Engine Company to make such disposition of said indebtedness as will save for all parties concerned such moneys and expenditures as would otherwise be necessary to be expended should a foreclosure of said mortgage be had:

"Now, therefore, the said J. L. Entrekin and Maggie B. Entrekin, husband and wife, and F. W. McNamara and Helen C. McNamara, husband and wife, all for convenience hereinafter called the parties of the first part, for and in consideration of the forebearance on the part of the said Charter Gas Engine Company to institute suit on its said notes, evidencing the amount of money now past due and owing for the collection thereof, as in said mortgage provided, hereby agree with H. H. Horton, the agent of the said Charter Gas Engine Company, hereinafter called the party of the second part, as follows:

"The parties of the first part hereby agree to make and execute their warranty deed to the southwest quarter (S. W. ¼) of section fifteen (15), in township two (2) south of range six (6) east of the Gila and Salt river base and meridian, in Maricopa county, in the state of Arizona, and to deliver the same to H. H. Horton, the party of the second part herein, at the time of the execution of this agreement, provided, however, and the said delivery of said deed is made upon the following conditions and agreements, to wit:

"The parties of the first part hereby agree to and do deliver herewith said warranty deed to the premises hereinabove described to the party of the second part as and for an indenture in trust to and until the 15th day of December, 1922, and that if the amount

of the indebtedness hereinabove mentioned and referred to as being the amount of the notes owned by said Charter Gas Engine Company, shall be paid by said parties herein to said second party, together with the interest thereon and any proper charges for the expense incident thereto and in the drawing of these papers, that then and in that event said premises and property described in said deed and herein shall be reconveyed to said first parties, and said deed heretofore made and delivered shall from thence forward be held to be void and of no effect, and the party of the second part, in consideration of the execution and delivery to him of said deed for the purposes mentioned, agrees that in case of such payment of such indebtedness, together with the interest thereon and all proper charges, that he will immediately, by proper indenture of conveyance, reconvey said premises to said first parties, or to whomsoever they may in writing designate.

"It is further expressly understood and agreed between the parties hereto that in case the payment of said indebtedness, together with the interest thereon and all proper charges have not been made and paid on the 15th day of December, 1922, that then and on said 15th day of December, 1922, and thereafter, said deed so executed and delivered herewith by said first parties to said second party shall be and thereby become absolute and without condition thereon of any kind, and in such case said party of the second part is by these presents authorized to re-record the same in the office of the county recorder of Maricopa county, Arizona, without the condition of this agreement, and as and for his sole and absolute property, free, clear and unincumbered, either by mortgage or otherwise.

"It is further understood and agreed . . . if the moneys so due . . . be not paid to said party of the second part . . . the party of the second part shall cause the notes evidencing said indebtedness . . . to be canceled and held for naught. . . . "

The warranty deed referred to in the agreement was delivered to Horton, and the notes were retained by plaintiff. No payment was ever made as

provided in said agreement, nor did plaintiff re-record the deed or surrender the notes to defendants, but, on the contrary, on June 20th, 1924, brought suit as alleged above, seeking for foreclosure of the agreement and deed as a mortgage, and for the usual deficiency judgment. Defendants answered, denying that the deed in question was given as security for the notes, and alleging on the contrary that the debt evidenced by the notes was wholly extinguished under the agreement of March 11th, and, in effect, that the transaction was a settlement in full of the indebtedness, with an option of repurchase given to defendants.

The case was tried to the court without a jury on the evidence introduced by plaintiff; defendants offering no evidence. The court took the matter under advisement, and finally rendered judgment in favor of defendants, dismissing the action, and ordering the notes to be canceled. Motion for new trial was duly made and denied, and plaintiff has appealed.

There are some four assignments of errors, but there is but one question for the determination of this court, and that is whether the agreement of March 11th, together with the warranty deed, constituted a mortgage or an absolute sale with an option of repurchase. In our opinion the point decisive of the controversy is whether or not by this agreement the original indebtedness was extinguished, or whether it remained a subsisting and enforceable obligation of defendants. Under the practice in the Western states a mortgage of the type claimed is merely a security for the payment of a debt, and is ancillary thereto. If there is no debt, there is no mortgage. *Alexander* v. *Rodriguez,* 12 Wall. (U. S.) 323, 20 L. Ed. 406 (see, also, Rose's U. S. Notes); *Slowey* v. *McMurray,* 27 Mo. 113, 72 Am. Dec. 251; *Holmes* v. *Warren,* 145 Cal. 457, 78 Pac. 954; *Samuelson* v. *Mickey,* 73 Neb. 852, 103 N. W. 671, 106 N. W. 461.

On examining the agreement in question, we find that the defendants nowhere agree therein to pay any sum to plaintiffs. They recite the amount of the original indebtedness and the circumstances under which it arose, and then it is agreed that, if the amount of such indebtedness should be paid by defendants to plaintiff, the plaintiff would reconvey the premises to defendants. If, on the other hand, the amount of such indebtedness should not be paid, then the deed should be re-recorded and become absolute and without condition, and the notes should be canceled.

There are certain phrases in the agreement which, standing alone, might be held to imply that the instrument in question was a mortgage, but we must construe it as a whole, and it appears clearly to us that by the terms thereof under no circumstances were defendants bound to pay any amount to plaintiff, nor did plaintiff have any right to bring an action against defendants to recover anything. It was purely optional with defendants whether any payment should be made or not, and the only right which plaintiff had in case of failure of such payment was to retain the land. An agreement whereby it is optional with one party as to whether or not he shall pay a sum does not create an indebtedness.

Since there was no obligation or subsisting indebtedness created or continued by the agreement, but merely a recital of what the indebtedness had been in the past, to fix the amount upon payment of which to plaintiff defendants might have their land reconveyed to them, we are of the opinion that the trial court, reading the agreement of March 11th as a whole, properly construed it to be a conditional sale, with option of repurchase, and not a mortgage. The judgment was therefore correct, and is hereby affirmed.

McALISTER, C. J., and ROSS, J., concur.