570 P.2d 179

**BEST FERTILIZERS OF ARIZONA, INC., a Delaware Corporation, Appellant,**

v.

**V. L. BURNS, Appellee.**

No. 13132–PR.

Supreme Court of Arizona, In Banc.

Sept. 9, 1977.

Karman & Ishmael by Howard H. Karman, Casa Grande, for appellant.

Stanfield, McCarville, Coxon, Cole & Fitzgibbons by David A. Fitzgibbons, Jr., Casa Grande, for appellee.

STRUCKMEYER, Vice Chief Justice.

This is an appeal from the granting of a summary judgment decreeing that a mortgage held by Best Fertilizers of Arizona, Inc. was junior to that of a mortgage held by appellee, V. L. Burns. The Court of Appeals reversed, 117 Ariz. 178, 571 P.2d 675 (App.1977). We granted review. Opinion of the Court of Appeals vacated. Judgment of the trial court reversed.

On January 24, 1961, Marcus Vanderslice and Dorothy Vanderslice, husband and wife, acquired title to certain real property located in Pinal County, Arizona. They ex-

ecuted a purchase money note in the amount of $80,000 and secured it with a mortgage on the property to A. C. and Marie Dees. Marcus Vanderslice later acquired Dorothy's interest in the land in a divorce settlement. On November 30, 1964, Vanderslice sold the property to McFaddin Ranches, Inc., conveying by warranty deed subject to the Dees mortgage. McFaddin Ranches did not assume or agree to pay the note, but it did make some payments on it. In March of 1969, McFaddin Ranches gave Best Fertilizers a promissory note in the sum of $5,112.33, secured by a second mortgage on the property. The Best Fertilizers mortgage recited that it was junior to the Dees mortgage.

Commencing February 15, 1970, McFaddin Ranches failed to pay on the Dees note, the balance then being $51,593. The Deeses elected to accelerate payment of the note and mortgage and Marcus and Eleanor Vanderslice, husband and wife, paid the note, taking an assignment of the note and mortgage from the Deeses. On November 1, 1970, the Vanderslices assigned the mortgage to Transamerica Title Insurance Company of Arizona as trustee, and in 1973, Transamerica, at the direction of the Vanderslices, endorsed the note and assigned the mortgage to the appellee, V. L. Burns.

Burns brought this action to recover the balance due on the note from Marcus Vanderslice, Dorothy Vanderslice and McFaddin Ranches. He also sought to have the court declare the mortgage a lien prior and superior to all other liens. Judgment was entered against McFaddin Ranches and Marcus Vanderslice; and also, that the Dees mortgage was superior to the Best Fertilizers mortgage, and the Dees mortgage was ordered foreclosed as against all defendants.

■ In passing, it may be observed that Marcus Vanderslice could not have simply by conveying the real property to McFaddin Ranches relieved himself of the personal obligation to pay the note. *Seale v. Berryman,* 46 Ariz. 233, 49 P.2d 997 (1935). When McFaddin Ranches did not pay, Vanderslice was primarily liable on the obligation. He could, of course, by paying the note prevent the assessment of attorneys fees and costs which a suit on the note would have brought.

■ Best Fertilizers' position is that its junior mortgage became senior when Marcus Vanderslice reacquired the note—that by taking an assignment of the note under A.R.S. § 44–2568(C)(1), the debt was discharged. That section provides:

"The liability of all parties is discharged when any party who has himself no right of action or recourse on the instrument:

1. Reacquires the instrument in his own right; * * * ."

Section 44–2568(C)(1), a part of the Uniform Commercial Code, is clear and needs no interpretation.

Appellee's position is that this provision of the U.C.C. does not defeat the priority of its lien because the U.C.C. does not govern real estate mortgages. Assuming, without deciding, that appellee is correct, yet the U.C.C. governs the discharge of the note. By the terms of the statute, Vanderslice having reacquired the note, all liability thereon was discharged.

■ This Court is committed to the modern doctrine that the debt or obligation secured is the principal thing and the mortgage is only an incident or accessory to it. It follows that whatever extinguishes, discharges or satisfies the debt or obligation will also discharge the mortgage. *Weatherford v. Adams,* 31 Ariz. 187, 251 P. 453 (1926). Where there has been payment of a debt, the mortgage is released. *Valley National Bank v. Milmoe,* 74 Ariz. 290, 297, 248 P.2d 740 (1952).

Appellee argues that whether an assignment of a mortgage works to discharge it is dependent upon the intention of the parties. *See Salvin v. Myles Realty Co.,* 227 N.Y. 51, 124 N.E. 94 (1919); *Albers v. Westberg,* 299 Ill.App. 41, 19 N.E.2d 436 (1939); *McFarlane v. Plant,* 185 Miss. 616, 188 So. 530 (1939). But we do not think a mortgage may be kept alive where the debt upon which the mortgage is dependent for its existence has been extinguished.

Nor do we think that Vanderslice may be subrogated to the rights of the Deeses.

"The test of the right of subrogation is found in answer to the inquiry whether the person who paid the mortgage is the one whose duty it was to pay it first of all; if the debt was not primarily his, and he only occupied the position of a surety to the mortgagor, he is entitled to be subrogated to the position of the mortgagee when he has paid the debt; but if the debt is the debt of the person who paid it, or is a debt which he has covenanted to pay, his payment of its raises no right of subrogation, but is simply a performance of his own obligation or covenant." 9 Thompson, Commentaries on the Modern Law of Real Property, § 4800, at 609 (1958 Replacement).

And see *Fitzgerald v. Buffalo County*, 264 Wis. 62, 58 N.W.2d 457 (1953).

Judgment reversed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.