
605 P.2d 465

**Robert W. STANFORD, Individually and as the surviving spouse of Betty Lou Stanford, Deceased, Plaintiff/Appellant,**

v.

**John M. AULICK, a single man, Defendant/Appellee.**

No. 2 CA–CIV 3277.

Court of Appeals of Arizona, Division 2.

Nov. 19, 1979.

Rehearing Denied Dec. 26, 1979.

Review Denied Jan. 15, 1980.

Howard H. Karman, Casa Grande, for plaintiff/appellant.

Echeverria, Glenn & Howard by J. Mikel Echeverria and Joseph W. Howard, Casa Grande, for defendant/appellee.

OPINION

RICHMOND, Chief Judge.

This appeal in an action for declaratory judgment raises the issue of whether the payment of a secured debt with credit life insurance proceeds should benefit the widower and estate of the insured debtor or a grantee who has assumed the debt. After finding that there was no issue as to any material fact, the trial court granted summary judgment for appellee, who had assumed the debt upon purchasing a house from appellant and his wife (the Stanfords). We hold that the widower and estate of his deceased wife are subrogated to the extent the debt has been reduced, and reverse.

In 1976 the Stanfords borrowed $12,-841.31 from Nationwide Financial Corporation of Arizona, a subsidiary of Citicorp Person-to-Person Financial Centers, Inc. The loan was secured by a deed of trust on their house. Part of the loan was used to purchase a decreasing term $10,000 credit life insurance policy which named Citicorp as the irrevocable first beneficiary. In the event either of the Stanfords died, Citicorp was to use the insurance proceeds to reduce or extinguish the unpaid debt, returning any excess to the surviving spouse as second beneficiary.

The Stanfords soon fell behind on their payments and decided to sell the house to avoid foreclosure. In March, 1977, appellee agreed to buy the house for $23,800, paying $2,500 in cash and assuming an existing first mortgage of $8,500 and the debt to Citicorp of $12,800. He immediately made payments to Citicorp to save the house from foreclosure and later entered into a guaranty agreement with Citicorp. Two days before he signed the guaranty agreement,

Mrs. Stanford died. Insurance proceeds of $9,500 were paid to Citicorp to reduce the debt that appellee had assumed.

■ Although the Stanfords remained primarily liable to Citicorp, as between the parties to this action appellee was primarily responsible on the debt and the Stanfords were liable as sureties. *Smith v. Mangels*, 73 Ariz. 203, 240 P.2d 168 (1952). A surety is entitled to be subrogated to the position of the mortgagee when he is compelled to pay the debt. *Best Fertilizers of Arizona, Inc. v. Burns*, 116 Ariz. 492, 570 P.2d 179 (1977); *Smith v. Mangels*, supra. Since credit life insurance is treated as collateral security, payment of the debt with credit life insurance is payment by the insured debtor. *La-Rey, Inc. v. Kowalski*, 433 S.W.2d 530 (Tex.Civ.App.1968); *Hatley v. Johnston*, 265 N.C. 73, 143 S.W.2d 260 (1965).

■ The involuntary payment of the debt with the proceeds from the Stanfords' credit life insurance policy gives appellant a right of subrogation against appellee. *La-Rey*, supra. This holding is consistent with the results reached in other jurisdictions. *See, e. g., Hatley*, supra; *Betts v. Brown*, 219 Ga. 782, 136 S.E.2d 365 (1964); *Kincaid v. Alderson*, 209 Tenn. 597, 354 S.W.2d 775 (1962). Appellee thus remains liable for the debt he assumed.

The judgment of the trial court is reversed with directions to enter judgment declaring that appellant and the estate of his deceased wife are subrogated to the rights of Citicorp to the extent the debt was reduced by the credit life insurance proceeds.

HOWARD and HATHAWAY, JJ., concur.