641 P.2d 909

Rudolph J. GAINOK and Jeannette P. Gainok, husband and wife, Plaintiffs/Appellants,

v.

L. FEATHERSON, aka L. Featherston, aka Lodema Sellars, Defendant/Appellee.

No. 2 CA–CIV 4111.

Court of Appeals of Arizona, Division 2.

Feb. 22, 1982.

Joseph R. McDonald, P. C., Tucson, for plaintiffs/appellants.

Watt & Cohen by Melvin C. Cohen, Tucson, for defendant/appellee.

## OPINION

HATHAWAY, Judge.

This appeal challenges the trial court's conclusion that the signer of a promissory note was not personally liable on the note.

Plaintiffs, the Gainoks, agreed to sell their commercial property and business to

defendant Glen Sumner, who made the earnest money deposit with a check drawn by defendant Lodema Sellars (aka L. Featherston). Before closing, Sumner assigned his interest in the transaction to Sellars. Sellars subsequently signed the escrow closing statement as "the buyer." She also signed a promissory note for $60,210.16, an Arizona Uniform Commercial Code financing statement and a deed of trust. All of these documents were signed merely "L. Featherston." There was no reference to Sumner or any business and there was no indication that Sellars-Featherston was signing in a representative capacity.

After default on the note and deed of trust, the Gainoks caused the property to be sold at a trustee's sale. There was a deficiency after this sale. The Gainoks sued Sumner and Sellars in four counts: Count one on the deficiency; count two, conspiracy to defraud; count three, conversion and count four, breach of contract. The trial court found that there was a deficiency after the sale of $5,150 (count one). It also found against Sumner on counts three and four and awarded appellants damages. However, it found that Sellars was at all times acting as Sumner's agent and found in her favor on all counts. The Gainoks appeal from that part of the judgment absolving Sellars of liability. Sumner is not a party to the appeal.

■ The promissory note, as a negotiable instrument,[1] falls within the provisions of Article 3 of the Uniform Commercial Code, A.R.S. § 44–2501 to –2579.[2]

■ A.R.S. § 44–2540(B)(1)[3] holds an agent personally liable on an instrument he or she signs if the instrument "neither names the person represented nor shows that the representative signed in a repre-

1. The parties' arguments assume that the note is negotiable. Furthermore, it appears on its face to be negotiable.

2. Although the underlying contract concerned the sale of realty, we believe the Uniform Commercial Code's commercial paper provisions apply nevertheless. This question was so decided in *Best Fertilizers of Arizona, Inc. v. V. L.*

*Burns,* 117 Ariz. 178, 571 P.2d 675 (App.1977), an opinion that was vacated by the Arizona Supreme Court at 116 Ariz. 492, 570 P.2d 179 (1977). In the latter opinion, the supreme court left this question undecided.

3. U.C.C. § 3–403(2)(a).

sentative capacity."[4] Sellars argues that parol evidence was admissible to prove she signed the promissory note as an agent for Sumner. We do not agree. Parol evidence is admissible to prove agency when there is an ambiguity. Such an ambiguity arises if the name of the principal appears on the document or the word "agent" or "president" or some such is appended to the agent's signature, but where the document does not clearly show that the maker is signing as an agent for a named principal. *See Kitchell Corporation v. Hermansen*, 8 Ariz.App. 424, 446 P.2d 934 (1968). This is the situation covered by A.R.S. § 44–2540(B)(2), which allows parol evidence to establish whether the parties intended the signer to be personally liable.

■ In the instant case, however, there is no ambiguity. Sellars signed the note "L. Featherston." Sumner's name appears nowhere and Sellars' alleged agency status is not indicated in any way. A.R.S. § 44–2540(B)(1) is applicable and parol evidence is therefore not permitted. In a similar case, the Supreme Court of Georgia explained:

> "One who executes a note in his own name with nothing on the face of the note showing his agency cannot introduce parol evidence to show that he executed it for a principal, or that the payee knew that he intended to execute it as agent." [Citations omitted] *Bostwick Banking Co. v. Arnold*, 227 Ga. 18, 178 S.E.2d 890, 893 (1970).

Also, *see Richards v. Warnekros*, 14 Ariz. 488, 131 P. 154 (1913); *Kitchell Corporation v. Hermansen*, supra; *Central Trust Company v. J. Gottermeier Development Co.*, 65 Misc.2d 676, 319 N.Y.S.2d 25 (1971); J.

White & R. Summers, Handbook of the Law Under the Uniform Commercial Code, §§ 13–3 to 13–5 (2nd ed. 1980).

■■ Sellars contends that evidence of her alleged agency was admissible for other purposes (e.g., to prove or disprove an allegation of fraud in the Gainoks' complaint) and that, therefore, this evidence can be used to prove she signed the note as agent for Sumner and to relieve her of liability on the note. We do not agree.

This evidence may have been admissible because it was probative of some other issue. *See Pioneer Constructors v. Symes*, 77 Ariz. 107, 267 P.2d 740 (1954); I Wigmore, Evidence, § 13 (3rd ed. 1940). It was irrelevant, however, to disprove liability on the note. A.R.S. § 44–2540(B)(1) states flatly that the "authorized representative" is personally liable in these circumstances. It matters not that the original parties to the note may have intended to bind the principal instead of the agent, or that they knew the signer was signing as an agent. These considerations would be relevant in an action between the original parties under A.R.S. § 44–2540(B)(2), but that section does not apply here, as explained above.

A further argument advanced by Sellars is that she must be relieved of liability because the Gainoks proceeded to judgment against Sumner. According to this argument, if both Sumner and Sellars are liable, then the Gainoks must elect to proceed against only one before judgment is entered. We do not reach the heart of this argument—whether such an election must indeed be made—because it is clear that its predicate is missing. Only Sellars is liable on the note. Sumner cannot also be liable on it, because he did not sign it. A.R.S.

**4.** § 44–2540. Signature by authorized representative

A. A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.

B. *An authorized representative who signs his own name to an* instrument:

1. *Is personally obligated* if the instrument neither names the person represented

nor shows that the representative signed in a representative capacity;

2. Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity." (Emphasis added)

§ 44–2538; *Richards v. Warnekros*, supra. Sellars is the only party against whom the Gainoks may proceed to judgment on the part of their complaint that is based on the note. The trial court's conclusion that Sellars is not liable on the note is therefore in error.

The trial court assessed $4,187 attorney's fees against Sumner, an amount the Gainoks now ask to be assessed against Sellars also. Such an award would be authorized by the promissory note. Sellars argues, however, that attorney's fees cannot be assessed against her without an indication that they are attributable solely to the promissory note. The basis of Sumner's liability was more extensive than Sellars'. We therefore remand to the trial court to make a separate finding as to the attorney's fees properly to be assessed against Sellars.

Reversed and remanded with directions to enter judgment against appellee for the amount of the deficiency and to determine attorney's fees chargeable to her.

HOWARD, C. J., and BIRDSALL, J., concur.