DONALDSON, Judge.
Charissa A. Smalls appeals from á judgment . (“the confirmation judgment”) entered by .the Madison Circuit Court (“the trial court”) confirming the judicial-foreclosure sale of real property in Madison County (“the property”) and incorporating a previously entered partial summary judgment. Although the evidence in the record is sufficient to establish that Wells Fargo Bank, N.A. (“Wells Fargo”), had a right to assert a claim for judicial foreclosure of the property, a genuine issue of material fact remains as-to Wells Fargo’s right to foreclose.

Facts and Procedural History

Smalls and her spouse, Lloyd Harper, purchased the property in 1998. To finance the purchase, Harper executed a promissory note (“the note”) in favor of Hamilton Mortgage Corporation for a principal amount of $71,200 (“the loan”). Both Harper and Smalls executed a mortgage on the property to secure the repayment of the loan. The mortgage conferred the power of sale to the mortgagee and its assigns, permitting a nonjudicial-foreclosure sale in the event of a default. In 2006, Smalls and Harper divorced.. Pursuant to an agreement between them, Har-' per transferred all of his interest in the property to Smalls through a quitclaim deed executed on July 12, 2006.
The record shows that Wells Fargo began performing, certain services regarding the.loan in December 2006, including sending billing statements and collecting payments. Wells Fargo sent a letter to Smalls dated August. 16, 2009, notifying *912 her that the loan was in default and of the need to cure the default to avoid acceleration of the indebtedness. In a letter dated October 7, 2009, Wells Fargo notified Smalls that it had accelerated the remaining balance of the note and that a nonjudicial-foreclosure sale of the property was scheduled for November 23,2009.
The sale apparently did not occur on the date specified in the October 7, 2009, letter. On November 30,- 2009, Smalls filed a complaint in the trial court against Wells Fargo, alleging in part that Wells Fargo did not have a legal interest in the note or the mortgage and could not foreclose on the property. Smalls also sought an injunction to cancel the foreclosure sale of the property and a judgment declaring that Wells Fargo lacked the legal right to pursue a foreclosure sale. She also alleged that Wells Fargo’s attempt to conduct a foreclosure sale was legally defective. After the complaint was filed, Wells Fargo did not pursue a nonjudicial foreclosure.
On March 20, 2010, Wells Fargo filed an answer denying all of Smalls’s claims. Wells Fargo filed a third-party complaint against Harper, asserting a claim of breach of the note, and it asserted claims against both Harper and Smalls seeking damages for unjust enrichment. Wells Fargo also sought a judgment permitting a judicial foreclosure of the property or, alternatively, granting it an equitable mortgage in the property in the event the trial court invalidated the mortgage. In its claim alleging a breach of the note, Wells Fargo sought a judgment for the'outstanding balance of the note plus interest. In its claim alleging unjust enrichment, Wells Fargo sought a judgment for the benefit-received by Smalls from occupying the property without paying the amount due under the note. Harper did not participate in the litigation, and Wells Fargo later dismissed its claims against Harper.
On April 9, 2013, Wells Fargo moved for a summary judgment regarding Smalls’s claims against it for injunctive and declaratory relief and on its counterclaims seeking a judicial-foreclosure sale of the property and damages for unjust enrichment. In support of its motion, Wells Fargo submitted an affidavit of Kimberly Mueggenberg, a vice president of loan documentation at Wells Fargo. Mueggenberg testified that Wells Fargo began providing services for the loan on December 1, 2006, and that, subsequently, Smalls failed to make required payments on the note. She testified regarding Smalls’s failure to cure the default and Wells Fargo’s notification letters to Smalls regarding the unpaid debt and foreclosure proceedings. Regarding the note and the mortgage, Mueggenberg testified as follows:
“In preparation to begin foreclosure proceedings, Wells Fargo was assigned the Note and Mortgage on June 16, 2009.... Wells Fargo then received possession of the Note and Mortgage on January 4, 2010.”
Mueggenberg testified that she based the affidavit on her personal knowledge after a review of documents maintained by Wells Fargo pertaining to the loan.
’ In support of its motion for a summary judgment, Wells' Fargo also submitted the note, the mortgage, the notification letters, and documentation of the assignment from Mortgage Electronic Registration Systems, Inc. (“MERS”), to Wells Fargo of the “Mortgage together with the note and indebtedness secured by the Mortgage, and all interest of the undersigned in and to the property described in said Mortgage.” Those materials show that the original mortgagee was Hamilton Mortgage Corporation. The note contains two indorsements.. The first is stamped “With *913 out Recourse, Pay to the order of Chiles & Company” and appears to be signed by a representative of Hamilton Mortgage Corporation. The second indorsement is stamped “Pay to the order of Trustcorp Mortgage Company Without Recourse” and is signed by a representative of First State Bank Moulton, presumably under a power of attorney on the behalf of “Chiles & Company, Inc.” In addition, the record contains a document purporting to assign the mortgage and the note from Charles F. Curry Company to MERS. There is no indication in the record of how Charles F. Curry Company obtained rights to the mortgage and the note.
Smalls filed a response opposing the motion for a summary judgment, contending that Wells Fargo did not have the authority to foreclose on the property because it was not entitled to payments for the debt secured by the note. Smalls argued that the evidence submitted by Wells Fargo failed to establish a sufficient indorsement of the note to Wells Fargo, the authority of MERS to assign the mortgage to Wells Fargo, and/or that Wells Fargo was a holder of the note. Among other documents, Smalls submitted copies of checks she paid to ‘Washington Mutual Bank N.A.” toward the debt due under the note and an insurance policy on the property dated May 9, 2007, that listed Washington Mutual Bank FA” as the mortgagee.
After a hearing, the trial court entered a partial summary judgment on June 26, 2013, in favor of Wells Fargo, dismissing all of Smalls’s claims with prejudice and authorizing a judicial-foreclosure sale. The trial court ordered Wells Fargo to provide public notice of the sale through publication in a newspaper for four consecutive weeks and to submit a report of the foreclosure and copy of the foreclosure deed to the court after the sale. The partial summary judgment also stated that Wells Fargo’s “counterclaims remain pending including any additional claims that may be necessary to secure possession of the property following the foreclosure sale.”[1]
..On June 28, 2013, Smalls filed a motion to dismiss Wells. Fargo’s judicial-foreclosure action based on a lack of standing. On July 3, 2013, the trial court denied that motion. On September 5, 2013, Wells Fargo conducted a foreclosure. sale of the property, and on September 12, 2013, it executed a foreclosure deed that was subsequently recorded in the Madison County Probate Office.
On October 29, 2013, Wells Fargo filed with the trial court a report on the foreclosure sale that had occurred on September 5, 2013, and a copy of the foreclosure deed. Wells Fargo also moved, however, for permission to conduct a new foreclosure sale. Wells Fargo asserted that, due to a clerical error, notice of the sale had been published for only three consecutive weeks before the foreclosure sale instead of the four consecutive weeks required by the trial court’s partial summary judgment. On November 6, 2013,' Smalls filed an opposition to Wells Fargo’s motion seeking permission to conduct a new foreclosure sale. Smalls also requested that the trial court enter an order confirming the foreclosure *914 sale that had been held on September 5, 2013, and requested that the trial court certify the order as final pursuant to Rule 54(b), Ala. R. Civ. P.
On March 24, 2014, the trial court entered the confirmation judgment confirming the September 5, 2013, foreclosure sale and the validity of the foreclosure deed. The trial court found that Smalls had waived the necessity of publishing a fourth pre-foreclosure notice in the newspaper in her November 6, 2013, filing. In the confirmation judgment, the trial court incorporated the partial summary judgment entered on June 26, 2013. The confirmation judgment expressly noted that counterclaims of Wells Fargo remained pending. The confirmation judgment was certified as final pursuant to Rule 54(b), Ala. R. Civ. P.
Smalls filed a timely notice of appeal to the supreme court, and the supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. On appeal, Smalls challenges the propriety of the confirmation judgment. She contends that the evidence did not establish that Wells Fargo had a legal interest in the note and mortgage and that, as a result, it did not establish that it had a right to foreclose on the property.

Discussion

Both the partial summary judgment and the confirmation judgment state that Wells Fargo has claims against. Smalls that remain pending in the trial court. Although neither party addresses the propriety of the trial court’s certification of the confirmation judgment as final pursuant to Rule 54(b), this court is required to consider the issue of appellate jurisdiction ex mero motu. Moore v. HSBC Mortg. Servs., 75 So.3d 1188, 1190 (Ala.Civ.App.2011) (citing Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997)).
“[A] Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” ’ Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002) (quoting Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987)).”
Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala.2006).
At the request of this court, the parties addressed whether unádjudicated claims actually remain pending in the trial court. Wells Fargo acknowledged that it had asserted alternative theories of relief by asserting a claim for judicial foreclosure and by asserting additional claims alleging breach of the note and unjust enrichment as well as seeking an equitable mortgage. See Triple J Cattle, Inc. v. Chambers, 551 So.2d 280, 282 (Ala.1989) (“Upon a default by the mortgagor, the mortgagee has three remedies, and he may pursue any one or all of them until the debt is satisfied. He may sue for the debt, sue for the property, and he may foreclose the mortgage _”). “[Although separate recoveries may be pursued under the different remedies, the mortgagee may have only one satisfaction of the debt. The satisfaction under one remedy precludes satisfaction of the debt under the others.” Id. In its response, Wells Fargo stated that the judicial foreclosure fully satisfied the debt owed by Smalls' and that the trial court’s confirmation of the foreclosure sale precluded recovery under Wells Fargo’s alternative claims. Wells Fargo states that the claims remaining in the trial court are not viable if a'judicial foreclosure is authorized, i.e., that those claims are due to be dismissed if the judgment is affirmed. *915 Therefore, the adjudication of Wells Fargo’s remaining claims does not pose an unreasonable, risk of inconsistent results-. We conclude that, pursuant to Rule 54(b), the trial court properly certified the confirmation judgment as final, thereby allowing for appellate review.

I. Dismissal of Smalls’s Claims Based on Canceled Foreclosure Sale

Smalls first challenges certain aspects of the nonjudicial-foreclosure sale that had been scheduled for November 23, 2009. After the litigation began, Wells Fargo stopped pursuing the nonjudicial-foreclosure proceedings, rendering Smalls’s claims on that- issue moot. “ ‘ “A case becomes moot if at ■any stage there ceases to be an' actual controversy between the parties.””’ Underwood v. Alabama State Bd. of Educ., 39 So.3d 120, 127 (Ala.2009) (quoting Chapman v. Gooden, 974 So.2d 972, 983 (Ala.2007), quoting in turn Crawford v. State, 153 S,W.3d. 497, 501 (Tex.App.2004)). “This Court has often said that, as a general rule, it will not decide questions after a decision has, become useless or moot.” Arrington v. State ex rel. Parsons, 422 So.2d 759, 760 (Ala.1982) (citing Ex parte McFry, 219 Ala. 492, 122 So. 641 (1929); Byrd v. Sorrells, 265 Ala. 589, 93 So.2d 146 (1957); Chisolm v. Crook, 272 Ala. 192, 130 So.2d 191 (1961); and Jacobs Banking Co. v. Campbell, 406 So.2d 834 (Ala.1981)). Accordingly, Smalls fails to establish that the confirmation judgment should be reversed based on the canceled nonjudicial-foreclosure sale.

II. Partial Summary Judgment Authorizing the Judicial-Foreclosure Sale

Smalls next challenges the partial suim mary judgment that granted Wells Fargo the right to conduct a judicial foreclosure of the property. We apply the. following standard of review of the trial court’s partial summary judgment:
“This, Court’s review pf a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala. Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989),.”
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).
 Based on the materials submitted in support of. and in opposition to the motion for a summary judgment, the primary issue to be resolved is whether Wells Fargo .established that it had been- assigned the right to the payment under the note. An. assignee of a debt secured by a mortgage may execute the right to foreclose. § 35-10-1 and § 35-10-12, Ala.Code *916 1975. “ ‘The clear test of the right- of an assignee of the mortgage to exercise the power of sale under [§ 35-10-1, Ala.Code 1975,] is that such assignee is entitled to receive the money secured by the mortgage.’ ” Ex parte GMAC Morg., LLC, 176 So.3d 845, 848 (Ala.2013) (quoting Kelly v. Carmichael, 217 Ala. 534; 537, 117 So. 67, 70 (1928)).
“The Restatement (Third) of Property: Mortgages takes the position that a note and mortgage can be separated but that ‘[t]he mortgage becomes useless in the hands of one who does not also hold the obligation because only the holder' of the obligation can foreclose.’ Restatement (Third) of Property: Mortgages § 5.4, Reporter’s Note-Introduction, cmt. a at 386. The Restatement explains: ‘ “The note is the cow and the mortgage the tail. The cow can survive without a tail, but the tail cannot survive without the cow.” ’ Id. at 387 (quoting Best Fertilizers of Arizona, Inc. v. Burns, 117 Ariz. 178, 179, 571 P.2d 675, 676 (Ct.App.), reversed on other grounds, 116 Ariz. 492, 570 P.2d 179 (1977)).”
Coleman v. BAC Servicing, 104 So.3d 195, 205 (Ala.Civ.App.2012).

A. Evidence Regarding Wells Fargo as the Holder of the Note

Wells Fargo asserts that the note was a negotiable instrument and that it is a holder of the note entitled to foreclose under the mortgage.
“In Alabama, a note secured by a mortgage is a negotiable instrument. Thomas v. Wells Fargo Bank, N.A., 116 So.3d 226, 233 (Ala.Civ.App.2012). A holder of a note secured by a mortgage is entitled to enforce the terms of the note. Perry v. Federal Nat’l Mortg. Ass’n, 100 So.3d [1090,] 1094 [ (Ala.Civ.App.2012) ].”
Sturdivant v. BAC Home Loan Servicing, LP, 159 So.3d 47, 55 (Ala.Civ.App.2013) (footnote omitted); see § 7-3-301, Ala. Code 1975 (providing that a holder is a “person entitled to enforce” the negotiable instrument). The negotiable instrument must have been either issued or negotiated to a person or an entity in order for the transferee to become a holder. § 7-3-302, Ala.Code 1975; Stone v. Goldberg & Lewis, 6 Ala.App. 249, 259, 60 So. 744, 748 (1912) (opinion on rehearing) (“[T]he instrument must be ‘negotiated’ to the holder in order for the holder to be a ‘holder in due course.’”). A negotiation requires a transfer of possession and an indorsement by the holder if the instrument is payable to an identified person or transfer by possession only if the instrument is payable to bearer. § 7-3-201(b), Ala.Code 1975.
Wells Fargo concedes that the record lacks evidence of an indorsement of the note to Wells Fargo, and it does not claim to have been issued the note. The copy of the note submitted by Wells Fargo does not indicate that the note was payable to bearer. Thus, the materials did not establish that Wells Fargo was a holder of the note as a negotiable instrument.
Instead, Wells Fargo argues that the following provision of the note allows it to enforce the terms of the note as a “Note Holder”:
“[T]he Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the ‘Note Holder.’ ”
In the materials submitted in support of the motion for a summaiy judgment, Wells Fargo presented an affidavit contending that it received the note as a result of a transfer from MERS on January 4, 2010. However, the materials do not contain evidence indicating that Wells Fargo is enti- *917 tied to receive payments under the note and, thus, is a “note holder.”

B. Evidence Regarding Wells Fargo’s Rights as a Transferee

Wells Fargo argues that it was entitled to enforce the note and, consequently, to execute a foreclosure on the property through the assignment and transfer of the note from MERS.
“Ownership of a contractual obligation can generally be transferred by a document of assignment; see Restatement, Second, Contracts § 316. However, if the obligation is embodied in a negotiable instrument, a transfer of the right to enforce must be made by delivery of the instrument; see U.C.C. § 3-203 (1995).”
Restatement (Third) of Property: Mortgages § 5.4, cmt. b at 381 (1997); see Coleman v. BAC Servicing, 104 So.3d at 204 (discussing obtaining the right to enforce a note and consequently the authority to foreclose on a property through proper assignment or negotiation). Section 7-3-203(b) provides that “[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce- the instrument, including any right as a holder in due course.... ” Accordingly, in order for Wells Fargo, as the transferee, to have the right to foreclose, the evidence must establish that the transferor of the note— MERS — had that right.
“If the transferee is not á holder because the transferor did not indorse, the transferee is nevertheless a person entitled to enforce the instrument under Section 3-301 if the transferor was a holder at the time of transfer.... Because the transferee’s rights are derivative of the transferor’s rights, those rights must be proved. Because the transferee- is not a holder, there is' no presumption under Section 3-308 that the transferee, by producing the instrument, is entitled to payment.”
Official Comment, § 7-3-203, Ala.Code 1975.
Smalls argues that the materials submitted by Wells Fargo failed to establish that MERS had the authority to assign the rights in the mortgage and the note, including the right to foreclose on the property, to Wells Fargo. Wells Fargo did not establish in its motion for a summary judgment that MERS was a holder of the note as a negotiable instrument.[2] The evidence presented by Wells Fargo also lacks a series of indorsements or assignments to establish a line of transfers from the original mortgagee to Wells Fargo. The evidence fails to clarify what legal interest MERS possessed in the note and, consequently, the legal interest in the note that Wells Fargo received from MERS. Therefore, a genuine issue of material fact remains as to whether Wells Fargo had the right to foreclose on the property. Because the materials submitted by Wells Fargo did not establish that there are no genuine issues of material fact, the partial summary judgment could not have been properly entered on Wells Fargo’s claim seeking judicial foreclosure.

III. Standing

Smalls also raises the issue of Wells Fargo’s standing to maintain an action for judicial foreclosure of the property-
“ ‘Our supreme court has determined that standing “implicates [a trial court’s] subject-matter jurisdiction.” Ex parte *918 Howell Eng’g & Surveying, Inc., 981 So.2d 413, 418 (Ala.2006); see also Hamm v. Norfolk Southern. Ry., 52 So.3d 484, 499 (Ala.2010) (Lyons, J., concurring specially) (citing Riley v. Pate, 3 So.3d 835, 838 (Ala.2008), and State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999)). That court has also explained that subject-matter jurisdiction “concerns a court’s power to decide certain types of cases,” Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006), which power is derived from the constitution and statutes of Alabama. Id.’ ”
Ex parte BAC Home Loans Servicing, LP, 159 So.3d 31, 43 (Ala.2013), (quoting Byrd v. MorEquity, Inc., 94 So.3d 378, 383 (Ala.Civ.App.2012) (Pittman, J., concurring in the rationale in part and concurring in the result)). “Standing is properly limited to circumstances stemming from lack of justi-ciability.” Hamm v. Norfolk So. Ry., 52 So.3d 484, 500 (Ala.2010) (Lyons, J., concurring specially).
“““[W]hen standing is at issue, the court asks whether the plaintiffs are the proper parties to bring the action.’ ” ’ ” Ex parte BAC Home Loans Servicing, LP, 159 So,.3d at 31 (quoting Steele v. Federal Nat’l Mortg. Ass’n, 69 So.3d 89, 91 n. 2 (Ala.2010), quoting in turn other cases). .
“ ‘ “To be a [.person with standing], the person must have a real, tangible legal interest in the subject matter of the lawsuit.” Doremus v. Business Council of Alabama Workers’ Comp. Self-Insurers Fund, 686 So.2d 252, 253 (Ala.1996). Specifically, “[standing ... ’ turns on “whether the party has been injured in fact and whether the injury is to a legally protected right.’” Property at 2018 Rainbow Drive, 740 So.2d [1025,] 1027 [(Ala.1999)] (quoting Romer v. Board of County Comm’rs of the County of Pueblo, 956 P.2d 566, 581 (Colo.1998) (Kourlis, J., dissenting)).’ ”
Ex parte Simpson, 36 So.3d 15, 22-23 (Ala.2009) (quoting Ex parte Chemical Waste Mgmt., Inc., 929 So.2d 1007, 1010 (Ala.2005)). Parties alleging an interest in the property that is the subject of a foreclosure action are proper parties to the action. Winter, Loeb & Co. v. Montgomery Cooperage Co., 169 Ala. 628, 633, 53 So. 905, 906. (1910) (holding that parties seeking foreclosure of property were proper parties .even though the supreme court concluded that the parties did not have an interest in the property).
Small’s argument that Wells Fargo lacks standing is based primarily on Cadle Co. v. Shabani, 950 So.2d 277, 279 (Ala.2006), and other cases that have held that a plaintiff in an ejectment action lacks standing by failing to prove legal title to the property at issue. In Ex parte BAC Home Loans Servicing, however, our supreme court overruled the holdings in those cases by determining that a fundamental defect in a foreclosure proceeding does not-deprive a party of standing to seek an ejectment action. 159 So.3d at 46. The supreme court distinguished a lack of standing from a failure to prove the elements of a claim. As with the foreclosure deed in Ex parte BAC Loans Servicing, Wells Fargo has presented documents indicating that it is the owner of the note and the mortgage. Those documents are sufficient to support its assertion of ownership of the debt secured by the mortgage and to demonstrate that is has a legal interest in the property for which it seeks judicial, foreclosure. Wells Fargo, therefore, is a proper party to the action. Any issue of material fact as to Wells Fargo’s ownership of the note and mortgage does not deprive Wells Fargo of the right to pursue the judicial-foreclosure action.

Conclusion

For the, reasons stated, we hold, that sufficient evidence in the record estab *919 lishes Wells Fargo’s right to pursue the judicial-foreclosure action; however, the evidence did not establish that there was no genuine issue of material fact regarding whether Wells Fargo had the right to foreclose on the property. Accordingly, we reverse the confirmation judgment insofar as it confirmed the judicial-foreclosure sale and insofar as it incorporated the partial summary judgment authorizing the judicial-foreclosure sale ■ and dismissing Smalls’s claim for a declaratory ruling on Wells Fargo’s right to foreclose on the. property. We affirm the confirmation judgment insofar as- it disposed of Smalls’s-claims for injunctive relief and declaratory relief regarding the canceled nonjudicial-foreclosure sale. We rémand the cause to the trial court for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, without writing.

. On July 2, 2013, Smalls filed a notice of appeal as to the partial summary judgment. On July 16, 2013, this court transferred that appeal to the supreme court, which assigned the appeal case number 1121209. On August 14, 2013, the supreme court granted Wells Fargo’s motion to dismiss that appeal on the basis that it had been prematurely filed. On September 13, 2013, Smalls filed in the supreme court a '‘petition for extraordinary writs” (the writs sought by Smalls are not specified in the record). On September 24, 2013, the supreme court purported to dismiss the appeal, which had previously been dismissed on August 14, 2013, and dismissed Smalls’s petition, holding that each was moot.

. We note that the copy of the note submitted by Wells Fargo does not indicate that it was bearer paper. See, e.g., Thomas v. Wells Fargo Bank, N.A., 116 So.3d 226, 235 (Ala.Civ. App.2012) (holding possession of negotiable instrument endorsed in blank established right to foreclosure of property).