UMLIC VP LLC Successor in Interest and Assignee of the United States of America (Small Business Administration), Plaintiff,

v.

Aretha MATTHIAS, Michael A. Matthias, Rosemarie Webster, Bruce W. Matthias, Elizabeth Olivacce, Laurie Thomas, Carrie Eddy, and all persons claiming an interest in Remainder of parcel No. 7 Sorgenfri a/k/a Nos. 7B and 7C Estate Sorgenfri, Carlton Parson, Elecia Parson, Oswald C. Venzen, Alice Venzen Department of Finance, Government of the Virgin Islands, Bureau of Internal Revenue, Government of the Virgin Islands and United States of Amerca Internal Revenue Service, Defendants.

No. CIV. NO. 2001–98.

District Court, Virgin Islands,
D. St. Thomas and St. John.

Dec. 5, 2002.

---

Carol R. Rich, Esq., St. Thomas, U.S.V.I., for the plaintiff.

Wayne G. Anderson, Esq., St. Thomas, U.S.V.I., for the defendants Government of the Virgin Islands, Bureau of Internal Revenue, and Department of Finance.

Archie Jennings, Esq., St. Thomas, U.S.V.I., for defendant Aretha Matthias.

Robert King, Esq., St. Thomas, U.S.V.I., for defendants Carlton Parson, Elecia Parson, Oswald C. Venzen, and Alice Venzen.

## MEMORANDUM

MOORE, District Judge.

UMLIC VP LLC ["UMLIC"] seeks summary judgment foreclosing three mortgages on the individual defendants' properties. The issue for decision is whether the federal or local statute of limitations applies to this matter. For the following reasons, as well as those given from the bench at the hearing on June 14, 2002, I found that the federal statute applies, ruled that the action is timely, and granted UMLIC's motion for summary judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

As amended, UMLIC sued Aretha Matthias[1] ["Matthias"], Carlton and Elecia Parson ["the Parsons"], and Oswald and Alice Venzen ["the Venzens"] [collectively "the individual defendants"] for a declaratory judgment of default under the loan and to enforce the individual defendants' personal guaranty by foreclosing the separate mortgages that individually secure that personal guaranty.[2] (*See* First Am. Compl. at 9–20.)

On April 12, 1988, Matthias Enterprises executed and delivered a promissory note ["Enterprises Note"] to Barclays Bank ["Barclays"] in exchange for a loan of $550,000, which was guaranteed by the Small Business Administration ["SBA"]. (*See id.* Ex. A.) In addition, Matthias, the Parsons, and the Venzens signed an unconditional personal guaranty of the loan, (*id.* Ex. B), secured by mortgages on the respective individual defendants' property:

1. Mortgage in the principal amount of $150,000 on Remainder of Parcel No. 7 Sorgenfri a/k/a Nos. 7B and 7C Estate Sorgenfri, executed by Wesley and Aretha Matthias ["the Matthias Mortgage"];

2. Mortgage in the principal amount of $150,000 on Parcel No. 148–32 Estate Anna's Retreat executed by Carlton and Elecia Parson ["the Parson Mortgage"]; and

3. Mortgage in the principal amount of $200,000 on Parcel No. 8Aa Estate Nadir, executed by Oswald and Alice Venzen ["the Venzen Mortgage"].

(*Id.* Exs. C, D, and E.)

On October 17, 1991, Matthias Enterprises made its last payment on its note

---

1. Aretha Matthias is being sued in her individual capacity as well as in her capacity as personal representative of the estate of her deceased husband, Wesley Matthias.

2. By the amendment, UMLIC dropped its effort to collect on the guaranty directly and personally from the individual defendants.

UMLIC also seeks judgment against the Internal Revenue Service of the United States and the Department of Finance and Bureau of Internal Revenue of the Government of the Virgin Islands regarding the property mortgaged by Matthias and the Parsons.

and filed for bankruptcy in 1992. On February 15, 1994, the SBA purchased the Matthias Enterprises Loan from Barclay's pursuant to the terms of the SBA guarantee. (*See* Mem. of Law in Supp. of Pl.'s Mot. for Summ. J. of Debt and Foreclosure, Aff. of Robert C. Brown, Ex. 3.)

Effective October 15, 1999, the SBA assigned the Matthias, Parson, and Venzen Mortgages to United Mortgage CB, LLC ["United Mortgage"] "and its successors and assignees." (*See* Am. Compl. Ex. G.) In the preparation of this lawsuit, it was discovered that on November 16, 1994, Barclays had "erroneously caused an assignment of the aforesaid security instruments to [Treadstone Caribbean Partners, L.P. ["Treadstone"]] to be recorded." (*See Id.* ¶ 27.) On February 15, 2001, Treadstone corrected the record by assigning any apparent interest in the Enterprises Note and the mortgages to the SBA. (*See id.* Ex. F.) On May 2, 2001, United Mortgage assigned its interest in the loan to UMLIC. (*Id.* Ex. H.)

UMLIC filed this foreclosure action against the defendants on June 1, 2001, and sought summary judgment on the debt and foreclosure of the three real property mortgages executed by the individual defendants as security for their personal guaranty of the Enterprises Note for $550,000. UMLIC maintained that, as assignee and successor in interest to the SBA, it "stands in the shoes" of the federal agency, and thus, benefits from the federal statute of limitations, 28 U.S.C. § 2415. (Memo. of Law in Supp. of Pl.'s Mot. for Summ. J. of Debt and Foreclosure at 6–9.)

Aretha Mathias, the Parsons, and the Venzens jointly opposed UMLIC's motion for summary judgment and asked for judgment in their favor and denial of the plaintiff's motion. The defendants averred that federal law is inapplicable and that UMLIC's claim is barred by the applicable local statute of limitations. (*Id.* at 4–13.)

The defendants maintained that February 15, 2001—when Treadstone assigned its interest in the Enterprises Note and Matthias, Parson, and Venzen Mortgages to the SBA—was the first time the federal agency owned the guaranty and supporting mortgages, and more than nine years after Matthias Enterprises defaulted on its loan to Barclays and filed its petition in bankruptcy. (*Id.* at 3–4.) UMLIC insisted that the SBA became the owner and holder of the Matthias Enterprises Note in 1994 when it paid off the loan and Barclays endorsed and delivered the Enterprises Note to the SBA. (Pl. UMLIC's Resp. to the Defs.' Opp'n to Pl.'s Mot. for Summ. J. at 3.)

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Sharpe v. West Indian Co.*, 118 F.Supp.2d 646, 648 (D.Vi.2000). The nonmoving party may not rest on mere allegations or denials, but must establish by specific facts that there is a genuine issue for trial from which a reasonable juror could find for the nonmovant. *See Saldana v. Kmart Corp.*, 42 V.I. 358, 360–61, 84 F.Supp.2d 629, 631–32 (D.Vi.1999), *aff'd in part and rev'd in part*, 260 F.3d 228 (3d Cir.2001). Only evidence admissible at trial shall be considered and the Court must draw all reasonable inferences therefrom in favor of the nonmovant. *See id.*

### B. UMLIC's Foreclosure Action is not Time-barred

Since the material facts surrounding this matter are undisputed, it was ripe for ad-

judication on summary judgment. I determined: (1) whether the individual defendants' mortgages securing their personal guaranty traveled with the Enterprises Note from Barclays to the SBA; (2) whether the local statute of limitations expired before the SBA acquired the Note; (3) if it did not, whether the federal statute of limitations applies to UMLIC as the SBA's assignee; and (4) if so, which specific federal limitations provision applies to this foreclosure action. I found that (1) the individual defendants' mortgages securing their personal guaranty accompanied the Enterprises Note to the SBA at the time the SBA purchased the Note; (2) no remotely relevant local statute of limitations expired before the SBA acquired the Note and mortgages; (3) the federal statute of limitations applies to UMLIC's action to foreclose the individual defendants' mortgages; and (4) the federal limitations provision for an action to establish title to real property applies to this foreclosure action.

### 1. The SBA Became the Owner of the Personal Guarantee and the Matthias, Parson, and Venzen Mortgages securing the Guaranty when the SBA Paid Off the Loan in 1994

■ Barclays demanded and received payment on the SBA's federal guaranty on February 15, 1994. UMLIC averred that the individual defendants' personal guaranty and the mortgages which secure it automatically transferred to the SBA upon its purchase of the Enterprises Note. The defendants contended that an actual separate conveyance from Barclays was required to transfer its interest in the Matthias Enterprises loan package to the SBA before the federal government could have received an ownership interest in the individual defendants' mortgages in 1994.

■ In the absence of local law to the contrary, the rules of common law as expressed in the American Law Institute's restatements of law shall be the rules of decision in courts of the Virgin Islands. *See* V.I. CODE ANN. tit 1, § 4. Thus, the provision of the Restatement (Third) of Property, Mortgages, that the "transfer of an obligation secured by a mortgage also transfers the mortgage" controls this question. RESTATEMENT (THIRD) OF PROPERTY, MORTGAGES ["RESTATEMENT"] § 5.4(a) (1997).[3] The comment to this section further explains that "[t]he principle of this subsection, that the mortgage follows the note, ... applies even if the transferee does not know that the obligation is secured by a mortgage.... Recordation of a mortgage assignment is not necessary to the effective transfer of the obligation or the mortgage securing it." *Id.* § 5.4 cmt. b (1997). Accordingly, in the Virgin Islands, no separate document specifically assigning and transferring the mortgage which secures a note is required to accompany the assignment of the obligation, because the mortgage automatically follows the note.[4] I found, therefore, that the Matthias, Parson, and Venzen Mortgages securing their guaranty traveled with the Enterprises Note when it was assigned to the SBA in 1994 after the SBA paid off the

---

3. There has been no suggestion by any of the parties that "the parties to the transfer [have] agree[d] otherwise," as Restatement § 5.4(a) allows.

4. One court has explained the desirability of avoiding a separation of the obligation and the mortgage thus: "The note is the cow and the mortgage the tail. The cow can survive without a tail, but the tail cannot survive without the cow." *See Best Fertilizers of Ariz., Inc. v. Burns,* 117 Ariz. 178, 571 P.2d 675, 676 (App.), *rev'd on other grounds,* 116 Ariz. 492, 570 P.2d 179 (1977).

Barclays loan upon which Matthias Enterprises had defaulted.

### 2. No Local Statute of Limitations Barred Suit on the Note and Mortgages When the SBA Acquired Them

It is undisputed that Matthias Enterprises defaulted on its note to Barclays after its last payment on October 17, 1991. Accordingly, the Enterprises Note was in default when the SBA purchased it in 1994. Barclays, as a private lender, was bound by the local statute of limitations. Even if I were to agree with defendants that the six-year limitations for actions based on contract applied, *see* 5 V.I.C. § 31(3)(A), which I do not,[5] any lawsuit the bank had to recover on the Note and to foreclose the individual defendants' mortgages remained viable when the SBA made good its loan guaranty and purchased the loan package from Barclays. Less than three years had elapsed between Matthias Enterprises' last payment on October 17, 1991 and February 14, 1994, when the SBA acquired the mortgages.

### 3. The Federal Statute of Limitations, 28 U.S.C. § 2415, Applies to this Action

 Upon transfer of the Enterprises Note to the United States Small Business Administration, the federal statute of limitations in 28 U.S.C. § 2415 became applicable. *See, e.g., United States v. Thornburg,* 82 F.3d 886, 890 (9th Cir.1996) (agreeing with federal government that

state statute of limitations no longer applied once a note and personal guarantee were transferred to it by a private assignor). Clearly, while the SBA held the Enterprises Note, the personal guarantee, and the three mortgages, its right to recover and foreclose was restricted by the federal statute of limitations. Under the common law, an assignee typically stands in the shoes of its assignor. Accordingly, most courts have concluded that the assignees of federal entities such as the SBA are also bound by the federal statute of limitations. *See, e.g., UMLIC–Nine Corp. v. Lipan Springs Dev. Corp.,* 168 F.3d 1173, 1177 n. 3 (10th Cir.1999) (holding that private assignee of an obligation in default from the Resolution Trust Corporation benefitted from federal statute of limitations); *Thornburg,* 82 F.3d at 892 (holding that federal statute of limitations applies when SBA transfers its debt to a private party for collection purposes); *F.D.I.C. v. Bledsoe,* 989 F.2d 805, 811 (5th Cir.1993) (holding that assignees of federal agency are entitled to federal statute of limitations); *Remington Inv., Inc. v. Kadenacy,* 930 F.Supp. 446, 450–51 (C.D.Cal. 1996) (holding that assignee of the FDIC was entitled to federal statute of limitations); *Mountain States Fin. Res. Corp. v. Agrawal,* 777 F.Supp. 1550, 1552–53 (W.D.Okla.1991) (same); *Tivoli Ventures, Inc. v. Bumann,* 870 P.2d 1244, 1245–46 (Colo.1994) (en banc) (same).

In light of case law on this issue, I, too, found that UMLIC stands in the SBA's shoes, and that the federal statute of limitations, 28 U.S.C. § 2415, governs this cause of action.

---

**5.** Consistent with my conclusion that the federal statute of limitations for actions to establish title to or recover possession of real property applies to this foreclosure action, the applicable local limitations period is contained in 5 V.I.C. § 31(1)(A) (twenty-year statute of limitations for the recovery of real property claims) and would apply to a private lender.

**4. No Time Limit Restricted an Action by the SBA, or its Assignee, UMLIC, to Establish Title or Right to Possession of Real Property by Foreclosing the Individual Defendants' Mortgages**

■ Having concluded that this matter is controlled by federal law, I determined which federal limitations period applies: that for a contract action, as the defendants argued, or that for an action to establish title to or right to possession of real property, as plaintiff contended. Quite obviously an action by the SBA to foreclose the lien of a mortgage is "an action to establish the title to, or right of possession of, real ... property," on which federal law imposes no time limit. *See* 28 U.S.C. § 2415(c) ("Nothing herein shall be deemed to limit the time for bringing an action to establish the title to, or right of possession of, real or personal property.")[6] *See also Thornburg*, 82 F.3d at 893–94 (holding that 28 U.S.C. § 2415(c) applies to action by government to foreclose on a mortgage although § 2415(a)'s six-year limitation on action to collect money damages has run); *Westnau Land Corp. v. United States Small Bus. Admin.*, 1 F.3d 112, 113–16 (2d Cir.1993) (same); *United States v. Alvarado*, 5 F.3d 1425, 1429–30 (11th Cir.1993) (collecting cases); *United States v. Ward*, 985 F.2d 500, 503 (10th Cir.1993).

Because the SBA was not restricted by any time limitation when it could have foreclosed on these mortgages, neither is UMLIC, as its assignee. Accordingly, I found this action timely, and granted UMLIC's motion for summary judgment.

## III. Conclusion

Based upon a review of the record and relevant case law, I concluded that the Matthias, Parson, and Venzen mortgages each were transferred to the SBA in 1994 when the agency paid off the underlying $550,000 loan to Matthias Enterprises. While in the hands of the SBA, the unlimited federal statute of limitations of 28 U.S.C. § 2415(c) applied to any foreclosure actions brought by the agency. UMLIC, as assignee of the SBA's interest, stands in the shoes of the agency, and thus benefits from this unlimited statute. Accordingly, I found the action timely under 28 U.S.C. § 2415(c), and granted the plaintiff's motion for summary judgment.

## ORDER

For the reasons stated in the accompanying Memorandum of even date, in addition to those reasons given from the bench on June 14, 2002, the plaintiff's Motion for Summary Judgment, with respect to the statute of limitations issue, is **GRANTED**.

---

**6.** I rejected the defendants' attempt to claim that an action to foreclose a mortgage must be governed by the statute of limitations for a contract imposed by 28 U.S.C. § 2415(a), spuriously arguing that a foreclosure is basically an action for money damages for a breach of the underlying loan agreement. The statute of limitations for a contract action on these facts is six years. *See* 28 U.S.C. § 2415(a) ("[E]very action for money damages brought by the United States or an ... agency thereof which is founded upon any contract ... shall be barred unless the complaint is filed within six years after the right of action accrues ....").