851 So.2d 897 (2003)
LLP MORTGAGE LTD., f/k/a Loan Participant Partners, Ltd., a Texas Ltd. Partnership, Appellant,
v.
Vincent P. CRAVERO and Dorothy C. Cravero, Appellees.
No. 4D02-2443.
District Court of Appeal of Florida, Fourth District.
August 13, 2003.
*898 Anne S. Mason and Laurie A. Dart of Mason Law, P.A., Clearwater, for appellant.
E. Scott Golden and Donielle Mason, Ft. Lauderdale, for appellees.
KLEIN, J.
When the federal government is the mortgagee, there is no statute of limitations which applies to foreclosure, because the federal government has sovereign immunity from state statutes of limitations, United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940), and the federal statute of limitations does not apply to actions to establish title to real property. 28 U.S.C. § 2415(c). The question we must decide is whether an assignee of the government has the same protection from statutes of limitation that the government had. We conclude that it does.
In this case, the Small Business Administration ("SBA") was the original lender and accelerated the mortgage in 1995, but took no further action until it assigned the mortgage to LLP in 2001. When LLP brought this suit to foreclose, the trial court held that it was barred by Florida's five year period of limitations, section 95.11(2)(c), Florida Statutes, the cause of action having accrued when the mortgage was accelerated in 1995.
The parties have found only one case involving this precise issue, UMLIC VP LLC v. Matthias, 234 F.Supp.2d 520 (D.Vi. 2002), in which the court held that the assignee of the SBA was not subject to the Virgin Islands' statute of limitations. The court relied on cases in which it has been held that when the federal government assigns a promissory note, the assignee is subject only to federal statutes of limitation. See, e.g., F.D.I.C. v. Bledsoe, 989 F.2d 805 (5th Cir.1993), and other cases cited in UMLIC, 234 F.Supp.2d at 524. In Cadle Co. II v. Stamm, 633 So.2d 45 (Fla. 1st DCA 1994), the court held that the assignee of a promissory note by the FDIC was subject only to the extended federal statute of limitations applicable to the FDIC.
The rationale of the above cases is based on the rather universally followed proposition that an assignee stands in the shoes of the assignor and has all the rights enjoyed by the assignor. Dubbin v. Capital Nat'l Bank of Miami, 264 So.2d 1 (Fla.1972); Dove v. McCormick, 698 So.2d 585 (Fla. 5th DCA 1997). We agree with the reasoning of UMLIC, which is on all fours, as well as the cases on which UMLIC was reasoned. We therefore conclude that LLP's foreclosure is not barred by Florida's statute of limitations and reverse.
SHAHOOD and GROSS, JJ., concur.