On Motion for Reheating

PER CURIAM.
Upon consideration, we grant appellant’s motion for rehearing, withdraw our prior opinion dated June 23, 2010, and substitute the following:
LPP Mortgage LTD., etc. (“LPP”) appeals an adverse final summary judgment entered in favor of Barbara J. Tucker (“Tucker”). We reverse.
The Small Business Association (“SBA”) made mortgage loans to certain companies. Tucker executed guaranty agreements on the loans. Subsequently, LPP succeeded to the SBA mortgage. When the borrowers defaulted, LPP filed a foreclosure action against Tucker’s property. The trial court entered final summary judgment in favor of Tucker on the ground that the statute of limitations expired before the action was filed.
On appeal, LPP asserts that the trial court erred in applying a six-year statute of limitations to this foreclosure action. On the other hand, Tucker contends that the trial court applied the correct statute of limitations. We agree with LPP.
A statute of limitations is a procedural statute that prevents the enforcement of a cause of action that has accrued. See Houck Corp. v. New River, Ltd., Pasco, 900 So.2d 601, 603 (Fla. 2d DCA 2005). An assignee of a mortgage acquires the rights and benefits which are available to the assignor. See, e.g., U.S. Nat’l Assoc. v. Taylor, 30 So.3d 530, 532 (Fla. 3d DCA 2010). This includes the benefit of the statute of limitations applicable to the assignor’s foreclosure action. See UMLIC VP LLC v. Matthias, 364 F.3d 125 (3d Cir.2004); LPP Mortgage Ltd. v. Hotaling, 497 F.Supp.2d 1217 (D.Colo.2007); LLP Mortgage Ltd. v. Cravero, 851 So.2d 897 (Fla. 4th DCA 2003).
*117 The United States Code provides an unlimited time for the federal government to bring an action to establish the title to, or right of possession of, real or personal property. See 28 U.S.C. § 2415 (1996). Thus, the courts have determined that the federal government may file to foreclose on mortgaged property at any time. See, e.g., United States v. Thornburg, 82 F.3d 886, 894 (9th Cir.1996) (“Congress has left no gap in the law concerning the right of the United States to foreclose on a mortgage without being subject to a limitation period.”)
Here, as assignee of a federal government agency, LPP acquired the benefit of the federal government’s unlimited time to foreclose on the mortgaged property. Thus, the trial court erred in finding that LPP was time barred for bringing this foreclosure action against Tucker’s property-
Accordingly, we reverse the final summary judgment, and remand for further proceedings.
Reversed and remanded.
RAMIREZ, C.J., and GERSTEN, J., concur.