HOLMES, Judge.
This is an appeal by the defendant from an order dismissing with prejudice the plaintiff’s cause of action against defendant.
The dispositive issue is whether any ruling adverse to the defendant has been rendered by the trial court from which the defendant may maintain an appeal. We hold that there was no such adverse ruling and affirm the trial court’s dismissal of the action.
The Circuit Court of DeKalb County, on May 9, 1977, granted a summary judgment in favor of the plaintiff in the amount of $1,924. Subsequently, the defendant and/or stockholder of the defendant paid the judgment. On February 24, 1978, the trial court set aside the summary judgment on motion by the defendant and restored the case to the trial docket. In March of 1978, the defendant appealed to this court. In Mobile Fueling Shipping, Inc. v. Scott, Ala.Civ.App., 360 So.2d 1028 (1978), we dismissed the defendant’s appeal and held that no justiciable controversy existed where the defendant appealed from a summary judgment granted to the plaintiff which had been set aside by the trial court.
*797 Following dismissal of the appeal, numerous motions and other documents were filed. On April 17, 1979, the circuit court dismissed the plaintiff’s case with prejudice to both parties. The court’s order of dismissal stated that the defendant had paid the plaintiff the amount which was the subject of the lawsuit and that therefore no justiciable controversy existed. It is from this order of dismissal that the defendant appeals.
It is well settled that only an adverse ruling of the trial court is subject to an assignment of error and, consequently, reviewable on appeal. McCulloch v. Roberts, 290 Ala. 303, 276 So.2d 425 (1973); Tyson v. U. S. Pipe and Foundry Co., 286 Ala. 425, 240 So.2d 674 (1970).
The dismissal of the plaintiff’s case, in this instance, was clearly in favor of the defendant such that the defendant was not aggrieved or prejudiced in any way thereby. Thus, there is no adverse ruling about which the defendant can complain.
There being no adverse ruling against the defendant, there is no justiciable controversy for this court to decide.
The defendant in brief argues that the payment of a judgment by a judgment debtor does not work a waiver of the right of appeal. Defendant cited to this court Moore v. Cooke, 264 Ala. 97, 84 So.2d 748 (1956); First National Bank of Birmingham v. Garrison, 235 Ala. 94, 177 So. 631 (1937).
This appeal is clearly from the order of the trial court dismissing plaintiff’s cause of action against the defendant. It is not an appeal or other proceeding from the prior judgment against the defendant. Put another way, this is an appeal from the trial court’s action dismissing plaintiff’s claim. It is not an appeal from a judgment rendered against the defendant, which the defendant pays, and then appropriately appeals. Hence, defendant’s cited cases are inappropriate.
This opinion should not be understood as a determination that defendant may not, by appropriate, timely proceedings, have a remedy for the recovery of the money paid pursuant to the prior judgment, which judgment was later vacated. However, that matter is not before this court.
The appeal is due to be dismissed.
APPEAL DISMISSED.
WRIGHT, P. J., and BRADLEY, J., concur.