JONES, Justice.
This is a condemnation case in which the State acquired 7.2 acres from a 48-acre tract on which the landowner lived and operated a farm. Because of our decision to reverse and remand, the issue presented will be discussed more or less abstractly. The landowner was permitted to testify over proper objection, that, because of a pre-existing lung condition, he would be forced to leave his home due to the increased fumes caused by the diesel-powered truck traffic upon the newly constructed road. We hold that this testimony was *427 inadmissible as going to an element of personal injury and not to mere conditions of increased traffic which may be an element affecting the before and after valuation of the property.
The general rule is stated in Alabama Power Co. v. City of Guntersville, 235 Ala. 136, 177 So. 332 (1937):
“We think the proper rule is, that just compensation must be made by [the condemnor] when, by the construction or enlargement of ‘its’ works, highways, or improvements, there will be occasioned some direct physical disturbance of a right, either public or private, which the owner enjoys in connection with his property, and which gives it an additional value, and that by reason of such disturbance he has sustained some special damage with respect to his property in excess of that sustained by the general public.”
While we find no Alabama case directly in point, nor has one been cited by counsel, it naturally flows from the general rule that damages going to recovery for personal injury are impermissible in an eminent domain setting. The object of the taking is the real property; and, thus, evidence of damages is limited to those factors that reasonably and directly affect market value of the parcel taken, with due regard for the damage or enhancement in value of any remaining parcel. See, Alabama Pattern Jury Instructions 14.16 at 228.
This is not to say that evidence of change of access, flow of traffic, noise, fumes, and like elements of damage may not be admissible under any condemnation circumstances. Such special damages may be considered where shown to reduce or interfere with the usefulness of the land; are unique to the claimant (i. e., not common to other landowners generally); are not purely conjectural, or speculative; and where the jury is properly instructed not to recognize such factors as special items of compensation but as elements for their consideration in arriving at the difference between the “before” and “after” valuation in the calculation of severance damages. State v. Moore, 382 So.2d 543 (Ala.1980); Mississippi State Highway Commission v. Colonial Inn, Inc., 149 So.2d 851 (1963). See, also, Selected Studies in Highway Law, V. I, pp. 70-71.
In the instant case, it is clear from the tenor of the questions asked by con-demnee’s counsel and the answers thereto that the evidence sought thereby went to the proof of injury to condemnee of a personal nature, and not to those permissible elements for appropriate consideration by the jury in assessing damages for the taking of the property in question.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.