PER CURIAM.
The primary issue presented in these appeals is the constitutionality of Act No. 776, Acts of Alabama 1973, which provides that in counties having a population of 500,000 or more the compensation paid for property taken by condemnation for sewer lines shall be reduced by the value of any enhancement to the remaining property of the owner that such sewer line may cause. This Act currently co-exists with § 18-1-18, Ala.Code 1975, which reads in pertinent part:
“The amount of compensation to which the owners and other parties interested therein are entitled must not be reduced or diminished because of any incidental benefits which may accrue to them or to their remaining lands in consequence of the uses to which the lands to be taken or in which the easement is to be acquired will be appropriated.”
We find Act No. 776 to be constitutional for the reasons discussed herein.[1]
A secondary issue presented is whether the trial Court may properly grant a partial new trial after a jury verdict. We find that under the circumstances of the instant case the trial Court’s action in so ruling was improper.
Appellants are owners of an eighteen-acre tract of vacant land in eastern Jefferson County. In order to obtain land for installation of sewer lines, Jefferson County filed an application for condemnation in the Probate Court. Some 1.09 acres of Owners’ property was subject to the condemnation (a construction easement using .35 acres for a period of two years and a permanent easement utilizing .74 acres). The application was granted by the Probate Judge; the commissioners fixed damages at $5,000; and judgment was entered for owners in that amount.
Owners appealed to the Circuit Court and requested a jury trial. Owners’ testimony showed the difference in value of their property before and after the taking of the permanent easement was between $54,400 and $100,000, and the fair rental value of the construction easement was between $5,900 and $10,000.
The expert witness for the County was permitted to testify, over Owners’ objection, that the sewer line which the County proposed to install would enhance the value of Owners’ remaining property. The trial Court refused to give the jury an instruction requested by Owners that the jury could not consider any incidental benefits to the remaining land. Owners objected to the trial Court’s instruction that the jury should consider such enhancement. The jury returned a verdict that Owners were not entitled to any damages, and the Court entered judgment of condemnation for the County with no damages awarded to the Owners.
Upon consideration of the Owners’ motion for new trial, the trial Court granted a new trial on the issue of damages for the construction easement and denied a new trial as to damages for the permanent easement. Owners appeal from the judgment and from the order denying their motion for a new trial as to the permanent easement. The County cross appeals from the or^er granting a new trial as to damages for the construction easement.
The County contends that the constitutionality of the Act is not properly before the Court. We do not agree. Owners were apprised of the County’s reliance on Act No. 776 late in the trial (just prior to closing statements, according to Owners’ argu *182 ments before this Court), although the term “enhancement” was used from opening statements forward. Owners first raised the constitutional question in their motion for new trial. This Court is satisfied that this issue was raised as soon as practicable and thus was timely raised.
We find Act No. 776, Acts of Alabama 1973, to be a general law of local application and to be constitutional under the test set forth in Reynolds v. Collier, 204 Ala. 38, 85 So. 465 (1920). Reynolds is the applicable standard here rather than Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978), because the Act in question was passed prior to Peddycoart, which was not given retroactive effect. The Court in Reynolds described the test, saying:
“The effect of all of our decisions, in short, has been that where there is a substantial difference in population, and the classification is made in good faith, reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and not merely arbitrary, it is a general law, although at the time it may be applicable to only one political subdivision of the state; but that if the classification bears no reasonable relation to the difference in population, upon which it rests, in view of the purpose to be effected by such legislation, and clearly shows it was merely fixed arbitrarily, guised as a general law, and, in fact, is a local law, it is then in plain violation of the Constitution and cannot be upheld.” Reynolds, supra; 204 Ala. at 39-40, 85 So. at 467.
Owners argue that there should not be varying standards within the State for the taking of private property for public use, and that in water and sewer development cases this standard is governed by a general law (§ 18-1-18). Although we are impressed with the persuasiveness of this argument, we cannot say that the Act fails to meet the criteria set out in Reynolds. In the provision of sewer service, the Court finds a rational link between the services provided and the population requirement of the Act. Density of population does play a role in the determination of need for such services, and the ability of a governmental unit to provide the necessary quantity of such service would be directly affected by the costs involved. Allowing the county to offset the enhancement value in determining the compensation to the affected property owners would encourage and facilitate the provision of such services in highly populated areas. Thus, the reasonable relationship to the purpose of the Act is established. We must affirm the lower Court’s judgment allowing enhancement as a set-off in determining just compensation to the appellant property owners. We repeat for emphasis: Our holding is based upon pre-Peddycoart precedent.
We turn now to the secondary issue of the propriety of the trial Court’s granting of a new trial on the issue of damages for the construction easement and its denial of new trial on the issue of damages for the permanent easement. ARCP 59(a)(1) states that “[a] new trial may be granted to all or any of the parties and (1) on all of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of Alabama.” We find this stricture fully applicable in the instant case.
The trial Court was without authority to separate the two aspects of this case and to grant a partial new trial. Having granted the owner’s motion for a new trial, it was bound under the mandate of Rule 59 to grant a new trial as to the entire cause.
Accordingly, as to both appeals, the judgment below is reversed and remanded as to the granting of a new trial.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C. J., and BLOODWORTH, FAULKNER, EMBRY and BEATTY, JJ., concur.
JONES, J., concurs specially.
MADDOX, ALMON and SHORES, JJ., dissent.

. This finding of constitutionality of Act No. 776 is not to be construed as changing, or in any way affecting, the general rule in condemnation cases which permits only special as opposed to common damages. See, State of Alabama v. Williams, 386 So.2d 426 (Ala. 1980).