JONES, Justice
(concurring specially):
I concur specially in order to make three points:
1) I agree that pre-Peddycoart standards require our affirmance of the trial Court’s ruling upholding the constitutional validity of Act No. 776. Our policy decision to give Peddycoart quasi-prospective effect only produces this strange result; but this strange result is far better than the disastrous effects that would result from a decision to invalidate scores of legislative acts.
2) I do not agree that Rule 59, under all circumstances, proscribes the bifurcation of issues for purposes of a new trial in which there has been a trial by jury.
The rule was designed to prevent the separation of the liability issue from that of damages. The Committee Comments concerning this provision state:
“This departure from the Federal Rule is intended to cover the situation where plaintiff sues the defendant in an action where liability is, at best, weak, and the injuries are terrible. Plaintiff demands a jury and the jury compromises by giving the Plaintiff a small award. Plaintiff moves for a new trial and points to the pitifully small verdict in face of horrible injuries. . . . Under this rule, the trial court would not have the right to grant a new trial only on the issue of damages in a jury situation.” Committee Comments, ARCP Rule 59.
Such is not the situation in the instant case. Liability is not in issue. Neither the County’s legal right to condemn nor its duty to compensate the property owners is in question, only the measure of that compensation. Nevertheless, both parties (because of the cross appeal posture of the case) agree that the trial Court erred in the partial new trial aspect of its order; and, under all the circumstances, I concur in the opinion of the Court to reverse and remand the entire cause for a new trial on both the permanent damages and the construction easement damages aspects of the case.
3) Finally, an additional comment on the “enhancement of value” rule may be helpful. Although the substantive law of damages is not here in issue, Footnote 1 of the Court’s opinion is entirely appropriate. The mere validity of Act No. 776 in no wise alters the law of damages as it relates to charging the landowner with the increased value of his remaining parcel against the damage resulting from the taking. It is not every damage that is recoverable and it is not every enhancement that is chargeable as an offset. Only those damages which are not common to all affected landowners generally (i. e., those damages which are special or unique to the particular landowner in question) are recoverable. See, State of Alabama v. Williams, 386 So.2d 426 (Ala. 1980).
The “flip side” of the rule necessarily obtains in the case of enhancement in value. Invariably, the construction and maintenance of sewer or water lines through a community can be said to enhance generally the value of all property in the community served by the facility, while only a portion of the landowners in the community are required to give up land for its construction. To require an owner whose land is taken to offset his special damages by the value of his common enhancement to the remaining tract would cast on the few a disproportionate share of the total burden of the improvement. Thus, the enhancement offset permitted in Jefferson County pursuant to Act No. 776 does not alter, but accords with, the general law of damages which predated § 18-1-18, and which permits those elements of special enhancement in value, unique to the property in question as opposed to those elements common to all affected property in general, to be proved as an offset against severance damages.
The respective parties to this action are represented by extremely able and competent counsel. Upon remand, ample opportunity will be afforded for additional research and briefing for the purpose of assisting the trial Court in instructing the jury on this aspect of the retrial.