Appellant, Ms. Evelyn Lewis, filed suit against Providence Hospital on February 20, 1985, in the Circuit Court of Mobile County. A motion to dismiss the action by consent of the parties was filed on behalf of Ms. Lewis by her attorney and the trial court dismissed the action without prejudice on May 31, 1985.
On July 10, 1985, the trial court granted the motion of Ms. Lewis's attorney for leave to withdraw from representation of Ms. Lewis. Also, on July 10, Ms. Lewis filed a pro-se "motion to reconsider" the trial court's order dismissing plaintiff's complaint, arguing that the motion to dismiss was made by her attorney without her consent or knowledge. Before the trial court held a hearing or ruled on the motion to reconsider, Ms. Lewis filed a timely notice of appeal to this Court, challenging the trial court's dismissal of her action.
The only ruling of the trial court before this Court is the trial court's grant of the parties' motion for voluntary dismissal on May 31, 1985. For aught that appears in the record, the motion for dismissal was properly granted after both parties, through their respective attorneys, consented thereto. Nothing to substantiate Lewis's claim of non-consent appears in the record, and the record discloses no ruling by the trial court on Lewis's claim.[1]
Only adverse rulings by the trial court are reviewable on appeal. McCulloch v. Roberts, 290 Ala. 303, 276 So.2d 425
(1973). Since no ruling adverse to Lewis's *Page 399 
issue on appeal appears in the record, this appeal must be dismissed.
APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
[1] Lewis's motion of July 10, 1985, was filed more than 30 days beyond the date of entry of judgment, so it cannot be considered as a post-judgment motion under Rules 52 or 59, Ala.R.Civ.P. It could at best be considered a Rule 60 (b) motion for relief from judgment. However, the record discloses no ruling on that motion, and Lewis has not appealed from any ruling on it.