This case arose from a suit for breach of contract between Fisher Brothers Sales, Inc. and A.T.F. Trucking Co., Inc. The plaintiff, an importer and distributor of produce, contracted with A.T.F. Trucking for delivery of 950 cases of apples from Montreal, Canada, to Scranton and Philadelphia, Pennsylvania. Rather than performing as agreed, A.T.F. seized the apples and delivered them to its place of business in Birmingham, Alabama. A.T.F. then notified Fisher that the apples would be released upon Fisher's payment of a 1979 judgment in favor of A.T.F. and against F.B.I. Foods, Ltd., the parent corporation of Fisher. Fisher paid the judgment, whereupon A.T.F. released the apples which were sold in Miami, Florida. Fisher filed suit against A.T.F. for conversion, breach of contract, and fraud and misrepresentation. Due to the seizure, Fisher claimed damages of $18,576.12 in economic loss. Upon trial the jury found A.T.F. liable for conversion of the apples and assessed damages at one dollar ($1.00). The plaintiff filed a motion for judgment notwithstanding the verdict or in the alternative, a new trial. The court granted in part the motion for judgment notwithstanding the verdict, rendering judgment in favor of Fisher against A.T.F. Trucking with leave to prove damages. The motion in the alternative for new trial was also granted with respect to the issue of damages.
 The defendant contends on appeal that the trial court erred in granting the motion for judgment notwithstanding the verdict and in granting the motion for new trial.
 A trial court, when confronted with a motion for judgment notwithstanding the verdict, or in the alternative, a new trial may: (1) deny the motion for judgment and grant a new trial; (2) deny both motions; (3) grant both motions; or (4) grant the motion for judgment but deny the new trial. If, as in this case, the court grants both motions, the grant of a new trial is conditional and becomes effective only if the grant of judgment notwithstanding the verdict is reversed. 9 C. Wright A. Miller, Federal Practice and Procedure, § 2540 at 616-618 (1971).
On a motion for judgment notwithstanding the verdict, the trial court must review its earlier ruling on motion for directed verdict, as both motions test the sufficiency of the evidence. The trial court has no discretion in making this decision. The judge must determine whether the moving party met his burden with respect to the sufficiency of the evidence. Wright v. Fountain, 454 So.2d 520 (Ala. 1984). The standard which the trial court must apply to determine whether to grant a motion for directed verdict as well as for judgment notwithstanding the verdict, and our standard on review, is the scintilla rule. Under this rule a question must go to the jury, or a jury verdict must stand if the evidence or any reasonable inference arising therefrom furnishes the smallest trace, or a scintilla in support of the non-moving parties' case. Ex parte Bennett, 426 So.2d 832 (Ala. 1982). In this case the trial judge refused the request of plaintiff for a directed verdict. The jury returned a verdict in favor of plaintiff. Plaintiff moved for a j.n.o.v. The motion was granted as to the issue of liability and a new trial granted only as to the issue of damages. This court is at a loss to understand why a j.n.o.v. was granted when the verdict was already in favor of plaintiff and moving *Page 848 
party. Such action would appear to be contrary to Rule 50(b), A.R.Civ.P. It is due to be reversed.
 However, that question is immaterial in this case. Though neither party raised the issue on appeal, this court is of the opinion that we must ex mero motu recognize that a new trial may not be granted only in part. Rule 59(a), A.R.Civ.P. Committee Comments. Beneficial Management Corporation of America v. Evans, 421 So.2d 92 (Ala. 1982); Nina Development Corp. v. Jefferson County, 387 So.2d 180 (Ala. 1980). We therefore consider the issue presented to be whether the granting of a new trial was erroneous.
 The grant or denial of a motion for new trial rests within the discretion of the trial court. A new trial may be granted on the ground of inadequate damages. Rule 59(a), A.R.Civ.P. Our supreme court has spoken upon the granting of a motion for new trial as recently as July 1986 in the case of Hammond v. Gadsden 493 So.2d 1374 (Ala. 1986). That decision requires the trial court to state in the record the factors considered in either granting or denying a motion for new trial based upon the alleged excessiveness or inadequacy of a jury verdict. The trial court in this case stated in its lengthy judgment upon the motion for new trial that it was granting the new trial because the verdict as to damages of the plaintiff was inadequate and contrary to the great preponderance of the evidence. Perhaps that statement standing alone does not meet the requirements of Hammond. However, the court previously in its judgment had pointed out the undisputed sums claimed as damages by the plaintiff. Our review of the record sustains the finding that the verdict of the jury as to damages was so inadequate and contrary to the evidence as to be unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738 (1890). The exercise of the trial court's discretion in granting a new trial is presumed correct and will not be reversed on appeal without showing of abuse. Herrington v. Central Soya Co., 420 So.2d 1 (Ala. 1982).
 The order granting a new trial is affirmed, and the case is remanded for new trial in entirety.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur.