INGRAM, Judge.
This case concerns a quiet title action and trespass involving adjacent property owners, Martin Hester and James and Jacquelyn Davidson. A circuit court jury returned a verdict quieting title in Hester and assessing damages for trespass against the Davidsons in the amount of $7,500. The Davidsons filed a timely motion for JNOV, remittitur, or new trial, all of which were denied by the trial court. On appeal, the Davidsons contend that the verdict was contrary to the weight and preponderance of the evidence and that the damage award was not supported by the evidence.
The testimony indicates that in the 1920s a usable roadway ran from Hester’s homeplace across what is now his pasture to the “old” Brand homeplace (now owned by the Davidsons). This roadway was never much more than a trail between two ditches with a steep hill and sandy soil, with the main uses in the 1920s and 1930s being a walk-path to a nearby church and access-only roadway to the Brand home-place until its abandonment sometime around 1946. Evidence was presented to the jury supporting a finding that this strip of Hester’s property never possessed the character of a public road.
One of the rules established by our Supreme Court on the question of acquisition of a public easement by prescription is “that the dedication of a road or street will be presumed when it appears that the public have [sic] used it uninterruptedly for 20 years, without objection from the owner.” This rule is, however, limited to “well-defined highways running over improved or reclaimed lands” and “not applicable to wooded or unimproved lands, or lands which, though once reclaimed, have been ‘turned out,’ or left open and unused.” Locklin v. Tucker, 208 Ala. 155, 156, 93 So. 896, 897 (1922).
The testimony here indicates that this roadway crossed Hester’s pasture and went through some woods to the Brand place. Also, a gate and fence stood across the road at times in the ensuing years from the 1920s.
Whenever disputed factual issues have been resolved by a jury, its verdict is presumed to be correct; furthermore, the denial of a motion for new trial by the trial *172 court strengthens the presumption in favor of the jury’s decision. W.T. Ratliff Co. v. Henley, 405 So.2d 141 (Ala.1981). A judgment based on a jury verdict should not be reversed unless it is plainly and palpably wrong. Ashbee v. Brock, 510 So.2d 214 (Ala.1987). The record in this case reveals ample evidence to support the jury’s resolution of the disputed facts in Hester’s favor. We conclude, therefore, that the trial court did not abuse its discretion in denying a new trial, and we will not disturb the jury’s verdict.
Our review of the sufficiency of the evidence is governed by the scintilla rule, which was still the law in Alabama when this case was filed on May 29, 1987. We must test the trial court’s denial of the Davidsons’ motion for JNOV by determining whether sufficient evidence was presented to warrant consideration by the jury, viewing the evidence in a light most favorable to the nonmoving party (Hester). Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986). The jury's verdict must stand if there was a scintilla of evidence, or if any reasonable inference could have been drawn therefrom, in support of Hester’s case. A.T.F. Trucking Co. v. Fisher Bros. Sales, Inc., 498 So.2d 846 (Ala.Civ.App.1986). We find that more than a scintilla of evidence was presented at trial.
The Davidsons’ second contention here is that the evidence does not support the jury’s award of damages in that there is no testimony regarding damages. Our reading of Hester’s testimony convinces us that ample evidence was before the jury on this point. Hester was asked, regarding damages from the Davidsons’ bulldozer work on the roadway, as follows:
“Q. Do you think it’s decreased the value of your property?
“A. It has to me.
“Q. In what way?
“A. Like I said, I planned on building the pasture there, and it splits it right down the middle, or a third and two-thirds.
“Q. How far is this roadway from your house?
“A. It’s about 30 feet.
“Q. You feel it’s decreased the value of your house as a result of putting a road through there?
“A. It has to me.
“Q. Do you have an opinion as to what your house and land were worth before the bulldozer and road grader hit the property?
“A. Yes.
“Q. What would you say?
“A. I would say what I’ve got in it is about $40,000.
“Q. Do you have an opinion as to what it’s worth now with the road cut through there?
“A. To me it wouldn’t be worth that much with a road through it.
“Q. How much would it be worth, in your opinion? Fair market value.
“A. $30,000.”
Hester further testified that the Davidsons’ bulldozer work pushed down several large trees on his property as it cut a 12- to 14-foot-wide path across his land.
While there was evidence that Mr. Davidson’s trespass with the bulldozer was accompanied with some measure of rudeness and recklessness, and while it is true that the trial court charged the jury on punitive damages, we see little need to address whether any of the $7,500 was punitive damages, in view of the general verdict’s falling well within the compensatory damages of $10,000 established by the evidence.
We feel compelled to note that even though the “excessiveness” of the jury verdict was mentioned in the Davidsons’ motion for remittitur and new trial, such was not made an issue in this appeal so as to trigger a Hammond finding of fact requirement necessitating a remand to the trial court. Even if such was an issue here, we would hold a Hammond remand unnecessary, since the amount of damages in the case sub judice is clearly and exclusively supported by evidence indicating compensatory damages. See Dependable Insurance Co. v. Kirkpatrick, 514 So.2d 804 (Ala.1987).
*173 We, therefore, find that the evidence was sufficient to support the judgment in this case and that the trial court’s denial of the post-judgment motions is without error, and we affirm.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.