PITTMAN, Judge,
dissenting.
I dissent from the reversal. In my view, this court lacks appellate jurisdiction and is allowing hard facts to make bad law.
In juvenile matters, “[i]f no procedure is specifically provided in [the Alabama Rules of Juvenile Procedure] or by statute, the Alabama Rules of Civil Procedure [are] applicable” except where they are inconsistent with the Rules of Juvenile Procedure. Rule 1(A), Ala. R. Juv. P. Although a postjudgment motion in an action governed by the Rules of Civil Procedure may be filed within 30 days of the entry of a final judgment, see Rules 50(b), 52(b), 55(c), 59(b), and 59(e), Ala. R. Civ. P., Rule 1(B), Ala. R. Juv. P., provides that “[a]ll postjudgment motions ... provided for by the Alabama Rules of Civil Procedure ... must be filed within 14 days after entry of judgment and shall not remain pending for more than 14 days.” The “motion to reinstate” filed by the maternal aunt and uncle was filed in case no. JU-06-570 and case no. JU-06-571 on August 16, 2006, more than 14 days after the entry of the Alabama court’s judgment dismissing those cases; therefore, it is not properly cogniza *91 ble as a “postjudgment” motion directly attacking the Alabama court’s judgment of dismissal.
The only mechanism recognized by Alabama law whereby a litigant may collaterally attack a civil judgment by filing a motion in the same civil action is that set forth in Rule 60(b), Ala. R. Civ. P., which permits the filing of motions for relief from a judgment. Rule 60(b) explicitly provides that various common-law writs permitting reexamination of a civil judgment “are abolished” and that “the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.” Notably, the maternal aunt and uncle did not elect to pay a filing fee and file an independent action; rather, they chose to attack the Alabama court’s judgment via a motion filed in the same court. The “motion to reinstate” thus cannot properly be characterized as anything other than a motion under Rule 60(b), Ala. R. Civ. P., seeking to avoid the effect of the Alabama court’s judgment. See Lewis v. Providence Hosp., 483 So.2d 398, 398 n. 1 (Ala.1986) (holding that a “motion to reconsider” a judgment of dismissal filed more than 30 days after the judgment “could at best be considered a Rule 60(b) motion for relief from judgment”).
Rule 60(b) permits a party to seek relief from a civil judgment on several bases, including where “it is no longer equitable that the judgment should have prospective application” (Rule 60(b)(5)) or where “any other reason justifying relief from the operation of the judgment” exists (Rule 60(b)(6)). The maternal aunt and uncle averred in their motion that the Arizona court had determined on July 13, 2006, that it was no longer a convenient forum, that the Arizona court had relinquished jurisdiction to the Florida court, and that the Arizona court had stated that the Florida court could determine whether “it should defer the matter to Alabama”; the maternal aunt and uncle also averred that the children needed “special” medical care, that the aunt and the uncle “need[ed] proper authority to see that those special medical needs [wejre met,” and that the Alabama court should exercise temporary emergency jurisdiction under Ala.Code 1975, § 30-3B-204. On August 17, 2006, the Alabama court entered an order denying the “Motion to Reinstate.” No appeal was taken from that order.
At the moment the Alabama court denied the maternal aunt and uncle’s “Motion to Reinstate” seeking relief from the judgment of dismissal, the cases brought by the maternal aunt and uncle effectively terminated in that the Alabama court lost jurisdiction to grant relief on the grounds stated in the motion. As we noted in Pinkerton Security & Investigations Services, Inc. v. Chamblee, 934 So.2d 386 (Ala.Civ.App.2005):
“Alabama caselaw has placed a significant limitation upon the availability of relief under Rule 60(b) where a movant has previously sought relief under that rule. As stated by the Alabama Supreme Court in Ex parte Keith, 771 So.2d 1018 (Ala.1998), ‘[ajfter a trial court has denied a postjudgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to “reconsider” or otherwise review its order denying the Rule 60(b) motion.’ 771 So.2d at 1022 (emphasis added [in Pinkerton ]). In other words, a party who has previously filed an unsuccessful motion seeking relief under Rule 60(b) may not properly file a second motion in the trial court that, in effect, requests the trial court to revisit its denial of the first motion, such as by reasserting the grounds relied upon in the first motion. *92 See Wadsworth v. Market Ins. Co., 906 So.2d 179, 182 (Ala.Civ.App.2005) (‘Successive Rule 60(b) motions on the same grounds are generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b).’); but see McLendon v. Hepburn, 876 So.2d 479, 483 (Ala.Civ.App.2003) (second Rule 60(b) motion held procedurally proper because second motion requested relief based on an ‘entirely different ground’ than first motion, raising an issue ‘that could not even have been raised’ when original judgment was entered).”
934 So.2d at 390-91. Thus, the Alabama court lacked jurisdiction to act upon the motion filed by the maternal aunt and uncle on November 3, 2006, and its orders purporting to act on that motion are void.
In dissenting, I do not intend to minimize the tragic loss of their mother that the children at issue in this case have suffered, nor do I doubt the significant adjustment that awaits them upon reunion with their father. However, the Alabama court has entered a final judgment in this case, and this appeal must be dismissed. Absent a new action alleging facts and events that would warrant an Alabama court’s assumption of emergency jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, the principles of finality will not allow any further interference with the decisions of the Arizona court and the Florida court concerning the custody of the children at issue.