THOMAS, Judge.
The State of Alabama appeals from the Mobile Circuit Court’s order granting Thanh Nguyen’s “motion to suppress evidence.” We dismiss the appeal.
On April 25, 2008, the Mobile County Sheriffs Department executed a search warrant and seized the following items from Nguyen’s residence: $1,037 in cash, seven plasma televisions, two DVD/CD players, various electronic accessories, and an automobile. A deputy sheriff filed an affidavit in support of the issuance of the search warrant; the affidavit was based on information provided to the sheriffs department by confidential informants.
On May 9, 2008, the State filed a civil-forfeiture action relating to the seized currency and items pursuant to § 20-2-93, Ala.Code 1975. On November 20, 2008, Nguyen filed a “motion to suppress” the evidence seized from his residence. On April 1, 2009, the trial court granted Nguyen’s “motion to suppress” the evidence collected from his residence, finding that the affidavit filed in support of the issuance of the search warrant failed to state a specific time that the confidential informants received their information and, therefore, that the affidavit failed to establish probable cause for issuing the search warrant. As a result, the court ordered that the seized currency and items be returned to Nguyen.
On April 13, 2009, the State moved to dismiss its forfeiture action, without prejudice, apparently pursuant to Rule 41(a)(2), Ala. R. Civ. P.[1] The trial court dismissed the action on the same day. On April 22, 2009, the State filed a postjudgment motion, pursuant to Rule 59, Ala. R. Civ. P., requesting that the trial court vacate both its April 1, 2009, suppression order and its order dismissing the action. On May 11, 2009, the trial court denied the State’s postjudgment motion. The State filed a timely notice of appeal to this court on June 5, 2009.
The State argues on appeal that the trial court erred in finding that the affidavit *74 filed in support of the issuance of the search warrant was insufficient to support a finding of probable cause to conduct the search. The State purports to appeal the trial court’s order granting Nguyen’s “motion to suppress” pursuant to Rule 15.7(a), Ala. R.Crim. P.[2] However, Rule 15.7 applies only to criminal matters; a civil-forfeiture action is a civil matter.[3] See Griffin v. State, 612 So.2d 497, 500 (Ala.Civ.App.1992) (holding that “actions brought under § 20-2-93 are considered to be civil actions”). Generally, in a civil action, a party can appeal only from a final judgment. § 12-22-2, Ala.Code 1975; Pike v. Reed, 3 So.3d 201, 203 (Ala.Civ.App.2008). In this case, the only final judgment from which the State could appeal is the trial court’s order dismissing the action.
“It is well settled that only an adverse ruling of the trial court is subject to an assignment of error and, consequently, reviewable on appeal.” Mobile Fuel Shipping, Inc. v. Scott, 375 So.2d 796, 797 (Ala.Civ.App.1979) (citing McCulloch v. Roberts, 290 Ala. 303, 276 So.2d 425 (1973); and Tyson v. U.S. Pipe & Foundry Co., 286 Ala. 425, 240 So.2d 674 (1970)). See also Lewis v. Providence Hosp., 483 So.2d 398, 399 (Ala.1986) (citing McCulloch v. Roberts, supra) (holding that the plaintiff could not appeal a dismissal to which both parties had consented because there was no adverse ruling by the trial court).
“Ordinarily a plaintiff cannot appeal an order granting a voluntary dismissal without prejudice under Rule 41(a)(2)[, Fed. R.Civ.P.].”[4] Versa Prods., Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1327 (11th Cir.2004). As the United States Court of Appeals for the Eleventh Circuit explained:
“A voluntary dismissal without prejudice ‘does not qualify as an involuntary adverse judgment so far as the plaintiff is concerned.’ [Le Compte v. Mr. Chip, Inc., 528 F.2d 601] at 603 [(5th Cir.1976) ] (quoting 5 James Wm. Moore, et al., Moore’s Federal Practice ¶ 41.05(3) at 1060 (2d ed.1975)). ‘This can easily be understood since the plaintiff has acquired that which he sought, the dismissal of his action and the right to bring a later suit on the same cause of action, without adjudication of the merits.’ Id.”
Id. at 1327. There is no adverse ruling to support the State’s appeal.
“ ‘There being no adverse ruling against the [appellant], there is no justiciable con *75 troversy for this court to decide.’ ” Williams v. Continental Oil Co., 387 So.2d 180, 131 (Ala.1980) (quoting Mobile Fuel Shipping, 375 So.2d at 797). In this case, the State moved for a dismissal and received a dismissal. Because the State received the relief it requested, the State has failed to demonstrate a justiciable controversy. See Williams, 387 So.2d at 131; see also Copeland v. Williamson, 402 So.2d 932, 934 (Ala.1981) (citing Moore’s Federal Practice, ¶ 41.02(6), pp. 41-43) (stating that a plaintiff who voluntarily moves to dismiss an action has no standing to appeal). Therefore, we dismiss the State’s appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Rule 41(a)(2) provides:
“Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff’s instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action may be dismissed but the counterclaim shall remain pending for adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.”

. Rule 15.7(a) provides:
“In any case involving a felony, a misdemeanor, or a violation, an appeal may be taken by the state to the Court of Criminal Appeals from a pre-trial order of the circuit court (1) suppressing a confession or admission or other evidence, (2) dismissing an indictment, information, or complaint (or any part of an indictment, information, or complaint), or (3) quashing an arrest or search warrant. Such an appeal may be taken only if the prosecutor certifies to the Court of Criminal Appeals that the appeal is not brought for the purpose of delay and that the order, if not reversed on appeal, will be fatal to the prosecution of the charge....”

. Rule 1.1, Ala. R.Crim. P., provides that the Rules of Criminal Procedure "shall govern the practice and procedure in all criminal proceedings in all courts of the State of Alabama, and political subdivisions thereof, except as otherwise provided by court rule.”

. In McBrayer v. Hokes Bluff Auto Parts, 685 So.2d 763, 765 (Ala.Civ.App.1996) (quoting City of Birmingham v. City of Fairfield, 396 So.2d 692, 696 (Ala.1981)), this court stated:
" '[Our Supreme Court has] said that since the Alabama Rules of Civil Procedure are modeled on the Federal Rules of Civil Procedure, federal decisions are highly persuasive when we are called upon to construe the Alabama rules. Assured Investors Life Ins. Co. v. National Union Associates, 362 So.2d 228 (Ala.1978).’ ”