DONALDSON, Judge.
Charissa A. Smalls petitions this court for a writ of mandamus directing the Madison Circuit Court ("the trial court") to grant her motion to dismiss this action and to set aside the order transferring this action from one judge to another judge in the trial court.[1] Mandamus relief is not *103 available to Smalls because she seeks dismissal of the action on a ground not raised in the trial court. Further, the trial court has not ruled on Smalls's motion to dismiss or on her objection to the transfer order. Accordingly, we deny the petition.
In 1998, Smalls and Lloyd Harper, who were married at the time, purchased real property in Madison County ("the property"). The purchase was financed by a promissory note that was secured by a mortgage on the property. In 2006, Smalls and Harper divorced, and, pursuant to an agreement, Harper conveyed all of his interest in the property to Smalls. The property was the subject of another action before the trial court in case number CV-09-1669 ("the foreclosure action"). In that action, Wells Fargo Bank, N.A. ("Wells Fargo"), sought a judicial-foreclosure sale of the property, and Smalls contested Wells Fargo's right to foreclose. Smalls has appealed judgments entered by the trial court in the foreclosure action twice. Smalls v. Wells Fargo Bank, N.A., 180 So.3d 910 (Ala. Civ. App. 2015) (" Smalls I") (reversing in part and remanding the cause); and Smalls v. Wells Fargo, (No. 2150308, August 19, 2016), 231 So.3d 285 (Ala. Civ. App. 2016) ("Smalls II") (table) (affirming without publishing an opinion). On October 17, 2016, Charissa Smalls and Eugene Smalls filed a petition for a writ of certiorari in the Alabama Supreme Court seeking review of our decision in Smalls II. That petition remains pending.
On June 9, 2016, while the foreclosure action remained on appeal, Wells Fargo initiated the present action by filing a complaint in the trial court against Charissa Smalls alleging a claim in the nature of ejectment pursuant to § 6-6-280, Ala. Code 1975.[2] In the complaint, Wells Fargo alleged that it had conducted a foreclosure sale on March 14, 2016, and had purchased the property. On July 1, 2016, Charissa Smalls filed an answer.[3] In an amended answer, Smalls alleged many of the claims she had alleged in the foreclosure action as counterclaims in the present action.[4]
On October 17, 2016, Smalls filed a motion to continue the present action and a motion to stay the issuance of a confirmation order in the foreclosure action on the basis of the pending petition for a writ of certiorari regarding our decision in Smalls II in the foreclosure action. On October 25, 2016, Smalls filed a motion to dismiss Lloyd Harper and Jaylan Gopher as parties, asserting that they lacked an interest in the property. On November 8, 2016, Smalls filed a motion to compel discovery. On November 30, 2016, Smalls filed a "Motion to Dismiss with Prejudice," arguing that Wells Fargo had failed to state a claim upon which relief can be granted, that Wells Fargo was not a real party in interest that has standing to enforce the promissory note or to foreclose on the *104 property, and that the pending petition for a writ of certiorari precludes the present action from being heard on its merits. In support of the motion, Smalls submitted exhibits, including affidavits and copies of the mortgage, the promissory note, and an assignment of the mortgage and promissory note to Wells Fargo.
On December 13, 2016, the trial court entered an order transferring the present case from Judge Chris Comer, who was originally assigned the case, to Judge Dennis O'Dell, who presided over the foreclosure action. On December 19, 2016, Smalls filed an objection to the transfer order reassigning the case. In the objection, Smalls argued, in part, that the trial court lacked jurisdiction to enter the transfer order, asserting that the Alabama Supreme Court had jurisdiction over the present action because of the pending petition for a writ of certiorari in the foreclosure action. The materials before this court do not contain any orders from the trial court ruling on Smalls's motions and objection that were filed in the present action.
On January 10, 2017, Smalls filed a notice of appeal to this court. We transferred the appeal to the supreme court for lack of jurisdiction. The supreme court then transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. This court asked the parties to brief whether the appeal was taken from a final judgment. After determining that the appeal was from a nonfinal order, this court entered an order notifying the parties that the notice of appeal would be treated as a petition for a writ of mandamus. See Ex parte K.S., 71 So.3d 712, 715 (Ala. Civ. App. 2011) ("Although we have concluded that the [party's] appeal was from a nonfinal judgment, this court has the discretion to treat an appeal from an interlocutory order as a petition for a writ of mandamus.").
" ' "[M]andamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." ' "
Ex parte Glassmeyer, 204 So.3d 906, 908 (Ala. Civ. App. 2016) (quoting Ex parte Massengill, 175 So.3d 175, 178 (Ala. Civ. App. 2015), quoting in turn Ex parte Horton, 711 So.2d 979, 983 (Ala. 1998) ).
"A writ of mandamus will not issue to compel the respondent to act when the respondent has not refused to do so." Ex parte CUNA Mut. Ins. Soc'y, 822 So.2d 379, 384 (Ala. 2001).
"Moreover, this court will not issue a writ of mandamus to compel a trial court to perform an act that the trial court was never requested to perform. See Wood v. City of Birmingham, 247 Ala. 15, 19, 22 So.2d 331, 334 (1945) (holding that, when there was no attempt in a motion to set aside that part of a decree that was final, mandamus would not issue to review the action of the lower court in rendering its final decree, since mandamus will not issue to compel the court to do anything that it has not been asked to do). Finally, '[t]his Court cannot put a trial court in error for failing to consider evidence or accept arguments that, according to the record, were not presented to it.' Gotlieb v. Collat, 567 So.2d 1302, 1304 (Ala. 1990)."
Ex parte City of Prattville, 56 So.3d 684, 689-90 (Ala. Civ. App. 2010).
In her petition, Smalls contends that this case should be dismissed with prejudice and that the trial court lacked jurisdiction to enter a transfer order. She argues that Wells Fargo has failed to state *105 a claim, that Wells Fargo was not the real party in interest with standing to conduct a foreclosure of the property, and that the trial court lacks subject-matter jurisdiction in the present action because of the pending petition for a writ of certiorari in the foreclosure action. She also attacks the evidentiary basis of Wells Fargo's ejectment claim, reiterating many of her arguments against Wells Fargo's right to foreclose on the property that she made in Smalls I and Smalls II. Before this court, Wells Fargo agrees that the present action should be dismissed, not based on those arguments advanced by Smalls in the trial court and before this court but, instead, because Wells Fargo asserts it is prosecuting two actions with the same claims and parties in contravention of § 6-5-540, Ala. Code 1975.[5] Neither party has presented that argument to the trial court. Moreover, the trial court has not ruled on Smalls's motion to dismiss or her objection to the transfer order, and there is no indication in the materials before us that the trial court has refused to do so. We therefore deny Smalls's petition seeking an order directing the trial court to grant her motion to dismiss and to set aside the transfer order. See Ex parte City of Prattville, supra ; Ex parte Green, 108 So.3d 1010, 1013 (Ala. 2012) (holding that an argument regarding the propriety of transferring a case could not be presented for the first time in a petition for a writ of mandamus); State v. Reynolds, 887 So.2d 848, 851-52 (Ala. 2004) ("This Court will not ... issue a writ of mandamus commanding a trial judge to rescind an order, based upon a ground asserted in the petition for the writ of mandamus that was not asserted to the trial judge, regardless of the merits of a petitioner's position in the underlying controversy."); Ex parte CUNA Mut. Ins. Soc'y, supra.
For the foregoing reasons, we deny Smalls's petition for a writ of mandamus.
Smalls's request for costs and expenses is denied.[6]
PETITION DENIED.
Thompson, P.J., and Moore, J., concur.
Thomas, J., concurs in the result, without writing.
Pittman, J., recuses himself.

Eugene C. Smalls and Charissa Smalls are a married couple. Although they appear to have jointly filed briefs in support of this petition, Eugene has not been added as a party to the action before the trial court. Accordingly, we refer to only Charissa Smalls as the petitioner.

Lloyd Harper and Jaylan Gopher were also named as defendants. In the materials before this court, Charissa Smalls claims that her son, Gopher, has been house-sitting the property.

Eugene Smalls filed the answer, as well as motions and other filings in the trial court, jointly with Charissa Smalls. Wells Fargo did not name Eugene Smalls in its complaint, and the record does not indicate that he was added as a party. We therefore refer to only Charissa Smalls as the party filing the answer and the motions and other filings in the trial court.

This court has taken judicial notice of the records from Smalls I and Smalls II. See City of Mobile v. Mathews, 220 So.3d 1061 (Ala. Civ. App. 2016) ("[A] court may take judicial notice of its own records.").

Section 6-5-440 provides:
"No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."

Smalls additionally states in her petition that she reserves the right to amend her complaint. To the extent she is requesting appellate relief, we deny the request. See State v. Webber, 892 So.2d 869, 871 (Ala. 2004) ("The filing of a petition for a writ of mandamus against a trial judge does not divest the trial court of jurisdiction, stay the case, or toll the running of any period for obeying an order or perfecting a filing in the case. ... The petition for a writ of mandamus, if meritorious, merely prompts the appellate court to exercise its supervisory power to tell the trial judge, as an official, as distinguished from the trial court itself, to do his or her duty when that duty is so clear that there are no two ways about it. ... Further, a petition for a writ of mandamus is not a substitute for an appeal.").