DONALDSON, Judge.
Generally, a party may appeal only from an adverse ruling, not from one granting the relief sought by the party. See Lewis v. Providence Hosp., 483 So.2d 398, 398 (Ala. 1986). Charissa A. Smalls ("Smalls") appeals from the order of the Madison Circuit Court ("the trial court") dismissing a complaint that Wells Fargo Bank, N.A. ("Wells Fargo"), had filed against her. Smalls has not appealed from an adverse ruling. We therefore dismiss the appeal.
Facts and Procedural History
The parties are before this court for the fourth time regarding real property in Madison County ("the property"). Smalls and Lloyd Harper, who were married at the time, purchased the property in 1998. They financed the purchase of the property with a promissory note secured by a mortgage on the property. Smalls and Harper divorced in 2006, and all of Harper's interest in the property was conveyed to Smalls pursuant to an agreement between them. The property first became the subject of litigation before the trial court in an action in which Wells Fargo sought a judicial-foreclosure sale of the property and Smalls contested Wells Fargo's right to foreclose ("the foreclosure action"). The trial court entered a judgment in favor of Wells Fargo, and Smalls appealed on April 7, 2014. In Smalls v. Wells Fargo Bank, N.A., 180 So.3d 910 (Ala. Civ. App. 2015) (" Smalls I"), we affirmed the judgment in part, reversed the judgment in part, and remanded the cause. On remand, the trial court entered another judgment in favor of Wells Fargo, and Smalls and her current husband, Eugene C. Smalls ("Eugene"), who had been added as a party, appealed on January 5, 2016. On August 19, 2016, we affirmed the judgment without an opinion, in Smalls v. Wells Fargo Home Mortgage, (No. 2150308, August 19, 2016), 231 So.3d 285 (Ala. Civ. App. 2016) ("Smalls II") (table). On October 17, 2016, Smalls and Eugene filed a petition for a writ of certiorari in the Alabama Supreme Court seeking review of our decision in Smalls II.[1]
*59 While the appeal in Smalls II was pending, Wells Fargo filed a complaint against Smalls on June 9, 2016, initiating the present action.[2] Wells Fargo alleged a claim in the nature of ejectment pursuant to § 6-6-280, Ala. Code 1975. According to its allegations, Wells Fargo had conducted a foreclosure sale and had purchased the property on March 14, 2016. In her answer, Smalls alleged as counterclaims many of the claims she had alleged in the foreclosure action. On November 30, 2016, after this court had issued its decision in Smalls II, Smalls filed a "Motion to Dismiss with Prejudice," arguing that Wells Fargo had failed to state a claim upon which relief can be granted, that Wells Fargo was not a real party in interest that has standing to enforce the promissory note or to foreclose on the property, and that the petition for a writ of certiorari seeking review of our decision in Smalls II, which was then pending in our supreme court, precluded the present action from being heard on its merits.
On December 13, 2016, the trial court entered an order "transferring" the present action from Judge Chris Comer, who was originally assigned the case, to Judge Dennis O'Dell, who had presided over the foreclosure action. On December 19, 2016, Smalls filed an objection to the "transfer" order reassigning the case. In her objection, Smalls argued, in part, that the trial court lacked jurisdiction to enter the order, asserting that the Alabama Supreme Court had jurisdiction over the present action because of the then pending petition for a writ of certiorari in the foreclosure action.
On January 10, 2017, Smalls filed a notice of appeal from the December 13, 2016, order. We treated the case as a petition for a writ of mandamus in Ex parte Smalls, 244 So.3d 102 (Ala. Civ. App. 2017). In Ex parte Smalls, we summarized the contentions of the parties as follows:
"In her petition, Smalls contends that this case should be dismissed with prejudice and that the trial court lacked jurisdiction to enter a transfer order. She argues that Wells Fargo has failed to state a claim, that Wells Fargo was not the real party in interest with standing to conduct a foreclosure of the property, and that the trial court lacks subject-matter jurisdiction in the present action because of the pending petition for a writ of certiorari in the foreclosure action. She also attacks the evidentiary basis of Wells Fargo's ejectment claim, reiterating many of her arguments against Wells Fargo's right to foreclose on the property that she made in Smalls I and Smalls II. Before this court, Wells Fargo agrees that the present action should be dismissed, not based on those arguments advanced by Smalls in the trial court and before this court but, instead, because Wells Fargo asserts it is prosecuting two actions with the same claims and parties in contravention of § 6-5-540, Ala. Code 1975.[5]
"[5] Section 6-5-440 provides:
" 'No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.' "
*60 244 So.3d at 105. In Ex parte Smalls, this court denied Smalls's petition for a writ of mandamus because the trial court had not ruled on Smalls's motion to dismiss and her objection to the "transfer" order and because the primary ground for dismissal that the parties discussed in their arguments to this court-namely, the applicability of § 6-5-540, Ala. Code 1975-had not been presented to the trial court.
On May 12, 2017, the supreme court denied the petition for a writ of certiorari in Smalls II, without an opinion. On the same day, this court issued a certificate of judgment in Smalls II.
On May 18, 2017, Smalls filed a motion to dismiss in the present action. As the ground for dismissal, Smalls asserted that Wells Fargo had conceded that it had mistakenly prosecuted two actions with the same claims and parties in the same court in violation of § 6-5-440. On the same day, the trial court entered an order dismissing the present action on the ground asserted by Smalls.
On June 19, 2017, Smalls filed a notice of appeal to this court from the May 18, 2017, order of dismissal. We transferred the appeal to our supreme court based on this court's lack of jurisdiction. On October 20, 2017, our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Discussion
On appeal, Smalls challenges the order in the present action dismissing the complaint against her.[3] That order was entered in her favor upon the ground she had asserted in her motion to dismiss that was filed immediately before the entry of the order.
" 'It is well settled that only an adverse ruling of the trial court is subject to an assignment of error and, consequently, reviewable on appeal.' Mobile Fuel Shipping, Inc. v. Scott, 375 So.2d 796, 797 (Ala. Civ. App. 1979) (citing McCulloch v. Roberts, 290 Ala. 303, 276 So.2d 425 (1973) ; and Tyson v. U.S. Pipe & Foundry Co., 286 Ala. 425, 240 So.2d 674 (1970) ). See also Lewis v. Providence Hosp., 483 So.2d 398, 399 (Ala. 1986) (citing McCulloch v. Roberts, supra) (holding that the plaintiff could not appeal a dismissal to which both parties had consented because there was no adverse ruling by the trial court).
"....
" ' "There being no adverse ruling against the [appellant], there is no justiciable controversy for this court to decide." ' Williams v. Continental Oil Co., 387 So.2d 130, 131 (Ala. 1980) (quoting Mobile Fuel Shipping, 375 So.2d at 797 )."
State v. Nguyen, 38 So.3d 72, 74-75 (Ala. Civ. App. 2009).
To the extent that Smalls's arguments on appeal involve the trial court's subject-matter jurisdiction, we note that, generally, a court that lacks subject-matter jurisdiction " ' "may take no action other than to exercise its power to dismiss the action .... Any other action taken by a court lacking subject matter jurisdiction is null and void." ' " Ex parte Blankenship, 893 So.2d 303, 307 (Ala. 2004) (quoting State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala. 1999), quoting in *61 turn Beach v. Director of Revenue, 934 S.W.2d 315, 318 (Mo. Ct. App. 1996) ). Therefore, the trial court's dismissal of the present action renders our consideration of such arguments unnecessary. Cf. State ex rel. Lloyd v. Morris, 262 Ala. 432, 433, 79 So.2d 431, 431-32 (1955) ("[The supreme court] has held that if an event pending appeal makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief, the appeal will be dismissed."). We also note that the "transfer" of the present action was merely a reassignment to a different judge within the trial court. The "transfer" was not between different trial courts, venues, or jurisdictions, as characterized by Smalls. "Subject-matter jurisdiction generally lies with a court ... and not with a specific judge sitting on that court." Ex parte Montgomery, 79 So.3d 660, 668 n.4 (Ala. Civ. App. 2011).
Nevertheless, "[o]nly adverse rulings by the trial court are reviewable on appeal." Lewis v. Providence Hosp., 483 So.2d at 398. The trial court's dismissal of the action was in Smalls's favor, not against her. Because this appeal does not present a justiciable controversy, we dismiss the appeal. See id.; State v. Nguyen, 38 So.3d at 75.
APPEAL DISMISSED.
Thompson, P.J., and Thomas and Moore, JJ., concur.
Pittman, J., recuses himself.

This court has taken judicial notice of the records and materials from Smalls I, Smalls II, and Ex parte Smalls, 244 So.3d 102 (Ala. Civ. App. 2017). See City of Mobile v. Matthews, 220 So.3d 1061, 1063 (Ala. Civ. App. 2016) ("[A] court may take judicial notice of its own records.").

Lloyd Harper and Jaylan Gopher were also named as defendants. They are not parties to this appeal.

Smalls appears to also challenge the findings of the trial court in the foreclosure action. The trial court's judgment in the foreclosure action was affirmed in Smalls II, and our supreme court has denied the petition for the writ of certiorari seeking review of our decision in Smalls II. Regardless, there is no indication that the foreclosure action and the present action were consolidated. Therefore, the trial court's findings in the foreclosure action are not before us to review.